UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EUGENE J. CUNNINGHAM, # 02433-135

    Petitioner, USP- Coleman
    Po B 1033
    Coleman, Fl. 33521

    V.

UNITED STATES, Et. Al.

    Respondent.

CA

CASE NUMBER 1:05CV01200

JUDGE: Paul L. Friedman

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 06/16/2005

WRIT OF HABEAS CORPUS

## FUNDAMENTAL MISCARRIAGE OF JUSTICE AND ACTUAL INNOCENCE.

**COMES NOW**, petitioner, Eugene J. Cunningham in the above captioned case moves this Honorable Court for the issuance of a Writ of Habeas Corpus pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or the All Writs Act 28 U.S.C. 1651 or in the alternative ask this Court sua sponte, on its own motion to invoke the appropriate jurisdiction which is appropriate to vacte, set aside and/or correct petitioner's sentence and conviction under the Miscarriage of Justice and Actual Innocence Standard under **Schlup v. Delo**, 531 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); **Murray v. Carrier**, 477 U.S. 478, 91 L.Ed.2d 397, 106 S.Ct. 2639) and **Swayer v. Whitley**, 505 U.S. 33, 120 L.Ed.2d 269, 112 S.Ct. 2514 (1992), petitioner also moves for an issuance of Writ of Habeas Corpus pursuant to 28 U.S.C. 2243 to show cause as to why Habeas Corpus should not be granted and a evidentiary hearing on all issues so claimed an jurisdiction claim in the absent of subject matter jurisdiction in the court that can be raised at any time by habeas corpus or under Rule 60(b).

1

Petitioner also request that the Court to consider that he is a layperson to the law as well as a pro se litigant and ask that this motion be construed liberally. **Osborn v. Shillinger**, 997 F.2d 1324 (10th Cir. 1993). **John A. Johnson v. Fred Z. Zerbert, Warden-USP, Atlanta, Georgia**, 304 U.S. 458 L.Ed. 1461, 58 S.Ct. 1019, 146 ALR 357.

In **Schulp**, the Supreme Court held that: [I]f a petitioner such as Schulp, presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that trial was free of non-harmless constitutional errors, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims. Id 513 at 316, 115 S.Ct. 851.

In **Swayer**, the Supreme Court held that, for purpose of applying the exception to reach the merits of a challenge the petitioner must show by "clear and convincing evidence" that but for constitutional error, no reasonable juror would have found petitioner guilty.

Petitioner avers his case makes a prima facie showing that he meets the above standards of factual and substantial innocence of a violation of Statute D.C. Code §22-105 in regard to Statute D.C. Code 22-2401 and submits the following in support of his claims.

2

## PROCEDURAL HISTORY.

Petitioner was convicted 2/28/73 of (2) counts of first degree murder pursuant to Statute D.C. Code 22-2401 as an accomplice pursuant to Statute 22-105 under the felony murder provision and (1) count of robbery pursuant to Statute D.C. Code 22-2901 and enhanced pursuant to D.C. Code 22-3202 Armed Robbery.

Petitioner was sentenced 3/20/73 on counts (1) and (2) to two consecutive twenty (20) to life sentences pursuant to Statute D.C. Code 22-2404 first degree murder as and accomplice pursuant to Statute D.C. Code 22-105 and for a period of fifteen (15) to life pursuant to Statute D.C. Code 22-2901 an enhancement pursuant to Statute D.C. Code 22-3202. (later vacated on other grounds).

## CLAIMS

(1) Petitioner contends that he is actual innocent of violating Statute D.C. Code 22-105 in regard to Statute D.C. Code 22-2401 do to a failure of the Sixth Amendment trial by jury and adjudication of due process of law and equal protection under the Fifth Amendment Clause of the United States Constitution. **Petitioner contends that he stands convicted and incarcerated for an offense he has not lawfully been convicted of.**

(2) Petitioner contends that the government's failure to indict pursuant to Statute D.C. Code 22-105, petitioner is actually innocent of violating that statute, in that the indictment was defective and constructively amended by the government's theory to the jury and inproper instructions by the Court.

(3) Petitioner contends that the government in their failure to adjudicate Statute D.C. Code 22-105 in regard to Statute 22-2401 withheld evidence in proving that petitioner advised, incited, or convicnced or aided or abetted co-defendant in first degree homicide.

3

(4) Prosecution failure to charge by an indictment constitute jurisdictional defected indictment. Court was without jurisdiction to sentence or convict.

(5) Ineffective Assistance of Counsel is trial counsel failure to object to denial of indictment, trial by jury and due process adjudication. Ineffective Assistance of Counsel is failure to raise an advance claim on appeal. Counsel's Ineffective Assistance in not rendering adequate legal assistance.

4

## STATEMENT OF THE CASE

### STATUTE D.C. CODE §22-105 STATES:

In a prosecution for **any** offense all persons **advising, inciting, or conniving** at the **offense,** or **aiding** and **abetting** the **principle** offender, **shall** be **charged** as **principles** and not as accessories, the intent of this section being that as to all accessories before fact the law heretofore applicable in case of misdemeanor only shall apply to all crimes, whatever the punishment may be. Mar.3, 1901, 31 Stat. 1337, ch. 854 §908; 1973 Ed. §22-105.

Petitioner contends that the plain language of the statute's intent is (1) accessories, accessories before the fact the law heretofore are applicable in cases of misdemeanors. (2) all persons **advising, inciting** or **conniving** at an offense or **aiding** or **abetting** the principle offender, **shall** be **charged** as principles. The statute tends to expose others to the offense of the principle.

It is unarguably clear that the meaning of **advising, inciting, conniving, aiding, abetting** any offense is conduct and behavior that the legislatures wish to prohit. It is equally clear that the legislature wish to punish such conduct in setforth statute **shall be charged** as a principle for any offense that the government can proffer.

Petitioner contends that under a prosecution of first degree murder, the government invoking statute §22-105's **advising, inciting, conniving, aiding** and **abetting** becomes essential elements of that crime which is charged.

Petitioner contends in a first degree murder prosecution under 22-2401 pursuant to 22-105 **advising, inciting, conniving, aiding** and **abetting** petitioner avers within the meaning of 22-105 in regard to 22-2401 are are components, factors and ingredients necessary to constitute criminal liability for homicide.

Petitioner contends that once this statute is invoked, the constitutional requirement is an indictment, trial by jury under the Sixth Amendment of the Constitution and adjudication required by the Fifth Amendment Due Process law

and equal protection under the law. Petitioner contends in violation of these subtantial constitutional rights the the government in this case, he stands presumptually innocent until proven guilty. Therefore it must be presumed that petitioner is actually innocent of violating statute 22-2401 and 22-105 as an accomplice to first degree murder. Petitioner submits the following law and facts in support of his Actual Innocence and Miscarriage of Justice claim.

## DENIAL OF DUE PROCESS UNDER THE FIFTH AMENDMENT
## DENIAL OF JURY TRIAL UNDER THE SIXTH AMENDMENT.

Petitioner contends that federal felony crimes are made up of factual elements that are listed in the statute that defines the crime. Calling a particular kind of fact an "element" carries legal consequence. **Almendarez-Torres v. United States**, 523 U.S. 224, 239, 140 L.Ed.2d 350, 118 S.Ct. 1219 (1998).

The definition of an element of a criminal offense is entrusted to the legislature, particulary in cases of federal crimes which are soley creatures of Statute." **Liparota v. United States**, 471 U.S. 419, 85 L.Ed.2d 434, 105 S.Ct. 2084 (1985); Id., at 424, 85 L.Ed.2d 434, 105 S.Ct. 2084)(citing **United States v. Hudson**, 7 Cranch 32 L.Ed. 259. Thus it has been recognized that determining the mental state requires for commission of a federal crime requires "construction of the statute ... inference of the intent of Congress." **United States v. Balint**, 258 U.S. 250, 253, 66 L.Ed.2d 604, 42 S.Ct. 301 (1922). See **Liparota, supra**, at 423, 85 L.Ed.2d 434, 105 S.Ct. 2084. The language of the statute is the starting place in this inquiry. **Connecticut Nat'l Banak v. Germain**, 506 U.S. 249, 253-254, 117 L.Ed.2d 391, 112 S.Ct. 1146 (1992).

The language of statute D.C. Code 22-105 in pertinent part states: In the prosecution for **any criminal offense, all persons, advising, inciting** or **conniving** at the **offense**, or **aiding** and **abetting** the **prinicipal offender, shall be charged** as **principals**.

Petitioner avers that the plain language and meaning of D.C. Code 22-105 is that in a prosecution for **any criminal offense**, which covers the entire criminal code, whether it be kidnapping, murder etc., etc., all persons who **advise, incite, connive or aid and abet** is consider to be a principl offender.

Petitioner avers that the statute requires an accomplice shall be charged as a prinical of one of the enumerate elements of conduct cited in the statute no matter what the criminal felony may be.

7

In this case, the charges are robbery and first degree murder. Petitioner avers that under constitutional command of the Fifth and Sixth Amendment, when the offense of first degree murder is being covered by D.C. Code 22-105, aiding and abetting the principal offender becomes a collective element and component necessary in order to convict for aiding and abetting the pricipal offender in order to be guilty of first degree murder.

Petitioner avers under constitutional mandate, charging an accomplice as a principal offender as required by statute of any of the enumerate elements, the prosecution is required under the Fifth and Sixth amendment of the U.S. Constitution to obtain an indictment and prove beyond a reasonable doubt in a trial by jury the petitioner not only aided and abetted the robbery, but also that petitioner aided and abetted the murder.

In this case the prosecution did not meet the constitutional commands which are required for conviction. Petitioner avers that he is actually innocent of violating statute D.C. Code 22-105 because the prosecution did not seek an indicment and prove beyond a reasonable doubt the petitioner aided and abetted in the charge of first degree murder, and petitioner retains the presumption of innocence until proven guilty which has been established under the Fifth and Sixth Amendment of the U.S. Constitution, "that no one will be deprived of liberty without "due process of law"; and the Sixth Amendment that [i]n all criminal prosecutions, that accused **shall** enjoy that right to a speedy and public trial, by an impartial jury."

Petitioner avers that the fact that he aided and abetted the principal offender in commission of first degree murder was for a jury to determine. The mere commission of aiding and abetting robbery was insufficient under statute D.C. Code 22-105 for first degree murder, when the statute points to all felonies which would include the entire criminal code.

The United States Supreme Court, has held that an accused so charged must be convicted of every essential element of crime cahrged beyond a reasonable doubt. **In re Winship,** 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1030 (1970). Id. 397 U.S. 358, 364; (see also **Ivan V. v. City of New York,** the Supreme Court gave the announced in Winship retroactive effect, because the major purpose of this constitutional standard of proof beyond a reasonable doubt in Winship was to overcome the aspect of criminal trial past or present that substantially impairs the truth-finding function. Id., 407 U.S. 204, 32 L.Ed.2d at 661.

Petitioner avers that under **Winship,** due process standard, aiding and abetting is an **essential element** and component in regard to any criminal offense brought in reference to statute D.C. Code 22-105 and the legislature did not exclude first degree murder from the reach of the statute.

Petitioner avers that the statute further serves as an enhancement in his case to aggravate the mere commission of robbery to first degree murder and the sentence of robbery to a sentence for first degree murder without petitioner being first charged by indictment to this effect, trial by jury or due process of law of adjudication.

Petitioner contends that is stands to reason that aiding and abetting when charged is a necessary fact to establish guilt of whatever criminal offense charged under D.C. Code 22-105. Thus it is necessary to establish that an accomplice is liable as a principal in any criminal offense including first degree murder.

Petitioner avers that the components in the statute serves to aggravate the sentence of robbery that carries a minimum sentence of five years and a maximum sentence of 15 years to that of first degree murder which carries a mandatory minimum of 20 years and a maximum of life, which constitutes a special punishment.

When the government provides that a special componenet of a prohibited transaction **shall** give rise both to a special stigma and to a special punishment, it must be treated as a 'fact necessary to constitute the crime within the meaning

in the holding established in **In re Winship,** post, at 103, 91 L.Ed.2d, at 87.

Petitioner avers that aiding and abetting is a component within the meaning of **Winship,** and such a fact is necessary to prove beyond a reasonable doubt in a prosecution for first degree murder, and must be charged by way of an indictment.

The **Winship** due process standard under the Fifth and equally clear under the Sixth Amendment, guarantees a criminal defendant the right to demand that a jury find him guilty of all elements of the crime for which he is charged. **United States v. Gaudin,** 511 U.S. 506, 511 (1995).

It is further stated that the prosecution has been relieved of the burden of proof beyond a reasonable doubt the petitioner aided and abetted in the commission of first degree murder thus only having to prove the underlying offense of robbery is insufficient and offends the Untied States Constitution's Fifth Amendment Clause.

Petitioner avers that relieving the prosecution of their burden of proof as required under D.C.Code 22-105's legislatured mandate and required under the due process clause constitute the shifting of the burden to petitioner to prove by an affirmative defense that he did not aid and abet the principal offender in the commission of first degree murder.

Petitioner avers that statute D.C. Code 22-105 exposed him to first degree murder liability and the prosecution was only required to prove beyond a resaonble doubt that petitioner aided and abetted principal offender in the robbery count (7) of the indictment but that petitioner also aided and abetted the principal offender in count(s) (1) and (2) of the indictment and not shift the burden to petitioner.

10

In **Patterson v. New York,** 432 U.S. 197, 53 L.Ed.2d 281, 97 S.Ct. 2319, it was upheld against a due process law placing on defendant charged with murder the burden of proving the affirmative defense of extreme emotion disturbance. [T]he due process clause require the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Id., 432 U.S. 210, 97 S.Ct. 2319. Petitioner avers that aiding and abetting is the proscribed definition in a criminal offense charged for first degree murder and the prosecution cannot shift the burden of guilt by shifting cush burden to petitioner.

In **Mullaney v. Wibur,** 421 U.S. 684, 44 L.Ed.2d 508, 95 S.Ct. 188, the Supreme Court held again that a state must prove every element ingrient of an offense beyond a reasoable doubt, and may not shift the burden of proof to the defendant.

Petitioner states that a mere robbery conviction in this case which in turn relieved the prosecution of its burden of proof as to the elements of aiding and abetting the principal offender of first degree murder is insufficient because robbery has its own essential elements and facts that constitute that particular offense. There is nothing in the robbery statute that could support real conduct that would contribute to aiding and abetting first degree murder. The prosecution was required to prove that petitioner committed some overt act in furtherance of the commission of first degree murder. in the case at hand, the prosecution was allowed to shift their burden of proof to the defendant, something in which they cannot constitutionally do.

Petitioner avers that the facts setforth in his claim as to the denial of an indictment for aiding and abetting in the commission of first degree murder, and the denial of a jury trial as to the fact that petitioner aided and abetted the principal offender in the commission of first degree murder amount to a denial of adjudication under the standard set forth in **Winship's** due process demand. Petitioner was never found guilty by a jury that he aided and abetted the principal offender of first degree murder. (see attached judgment and commitment)

11

Petitioner contends that he is actually innocnet of violating D.C. Code 22-105 as a principal to first degree murder because such a charged as stands is a non-adjudicated offense, which was not afforded constitutional guarantees under the Fifth and Sixth Amendment.

The sentence imposed as a principal offender to first degree murder must be vacated as void because it is based upon a non-tried offense. Furthermore petitioner reiterates that he has a presumption of innocence until proven guilty as required under the Fifth Amendment.

### JURISDICTIONAL DEFECTED INDICTMENT

Petitioner alleges in this claim that his indictment was defective because
the government failed to indict on the charge of being an accomplice, aiding
and abetting the principal offender as a principal in the commision of first
degree murder under Statute D.C. Code 22-105 in pursuant to Statute D.C.
Code 22-2401. Petitioner avers pursuant to Fed.Rules Crim.P. 7(A)(1)(B) requires
upon an indictment to be a plain concise definite statement of the essential
facts constituting the offense charged. Absent such plain concise definite
statement that petitioner was aiding and abetting principal offender in the
commision of first degree murder as a principal offender pursuant to Statute
D.C. Code 22-105, and absent a jury's verdict to this effect, petitioner stands
actually innocent of violating 22-105 under the presumption of innocent until
proven guilty as required under the 5th Amendment of the U.S. Constitution,
and that his conviction and sentence for the purpose of same liability is void
and irregular in its inception due to petitioner's lost of liberty. Petitioner
suffers from a miscarriage of justice due to the non-indicted offense all in
violation of his 5th and 6th Amendment rights.

Statute D.C. Code 22-105 which states in revelant part:

In a prosecution for any criminal offense, all persons aiding and abetting
the principal offender, shall be, charged as a principal

It is held that 22-105 serves to expose an accomplice liable of the same
as being a principal offender. Petitioner avers that under statutory construction
of 22-105 aiding and abetting first degree murder as a principal constitutionally
requires an indictment before a defendant can be held accountable of the commision
of the crime. The statute embraces all persons aiding and abetting principal
offender for any criminal offense shall be charged as a principal.

Petitioner avers that any criminal offense speak to the entire criminal

13

code whether it be robber, kidnapping, rape etc,etc,etc. The statute in its

reach does not exclude first degree murder pursuant to statute D.C. Code 22-

2401. One cannot aid and abet himself. Therefore, aiding and abetting any criminal

offense of a crime requires a charge by an indictment under Fed.R.Crim.P. 7(A)(1)(B).

  Petitioner avers that aiding and abetting is an element and necessary fact

in constituting whatever criminal offense that is being charged that the prosecution

must prove beyond a reasonable doubt.

  It is held that an indictment need not include a charge of aiding and abetting

in order for theory to be presented to jury]. **Head v. United States**, 452 A2d

615, 626); **Mason v. United States**, 256 A2d 562, 567,(Application applied in

petitioner's case), is unconstitutionally applied in violation of the 5th and

6th Amendment of the U.S. Constitution, which commands that no person shall

be held to answer an imfamous crime except upon a grand jury indictment and

must be proved at trial.

  Petitioner avers that the government was required to indict petitioner on

the charge of aiding and abetting in a prosecution for first degree murder.

Petitioner contends that the mere theory to a jury of a criminal offense that

carries essential elements and facts that constitute the crime is insufficient.

**In re Winship**, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1033), the Supreme Court

held that when the government provide that a specific component of a prohibited

transaction shall give rise both to a special stigma and to a special punishment,

that component must be treated as a fact necessary to constitute the crime

within the meaning in the holding of **In re Winship**," post at 103, 91 L.Ed.2d,

at 87. Petitioner avers that the specific components of statute D.C. Code 22-

105 consist of all persons advising, inciting, conniving or aiding and abetting

a principal offender shall be charge as principal for one of these prohibited

enurmerate component in any criminal transaction translated into a special

stigma and a special punishment as a prerequisite of the statute which serves

as an enhancement statute that in petitioner's case an accomplice in a robbery

to principal aiding and abetting in firsr degree murder as a special stigma,

from a sentence for conviction of Robbery that carries 2 to 15 years to a special

punishment of 20 years mandatory to life. Aiding and abetting first degree

murder is charge that the government was required to indict petitioner because

it was a charge that required proof beyond a reasonable doubt as an element

and fact that constitue a crime of aiding and abetting murder. **Francis v. Franklin,**

471 U.S. 307 n.8 (1985)(referring to the government burden to prove every element

beyond a reasonable doubt as grounded in "bedrock principal"). **Patterson v.**

**New York,** 432 U.S. 197, 53 L.Ed.2d 281, 97 S.Ct. 2319 [Due Process Clause require

that prosecution prove beyond a reasonable doubt all of the elements included

in the definition of the offense which the defendant is charged." Id., 432

U.S. 210, 97 S.Ct. 2319. Petitioner avers the government's failure to indict

him as aiding and abetting the principal offender in the charge of first degree

murder violated petitioner's 5th and 6th Amendment rights and thus petitioner

claims that he is actually innocent of violating D.C. Code 22-105. Petitioner

contends that because he was never indicted for aiding and abetting,his conviction

must be reversed, vacted, or set aside.

Petitioner avers that if an indictment could so slightly depart from the

great importance which the common law attaches to any indictment by a grand

jury as a prerequisite to prisoner's trial for a crime, and without the constitution

saying Nd person shall be held to answer imfamous crime except upon a grand

jury indictment, would surely be fretted away until its value is almost destroyed.

Therefore, a "court cannot permit a defendant to be tried and sentenced for

a non-indicted offense against him." **Stirone v. United States**, 361 U.S. 212,

215-216 (1960. All circuits have followed the reasoning of **Stirone** by reversing

convictions based on an amendment of or no elements to the offense not charged

by the grand jury, as this case. See e.g. **United States v. Floresca**, 38 F.3d

706 (4th Cir. 1994)(en banc)(The trial court's misinstruction   to the jury

in the trial below resulted in an amendment of the indictment.)

In short the application of statute D.C. Code 22-105's failure to meet an indictment requirement is incompatible to the 5th and 6th Amednment commands of the U.S. Constitution.

In the indictment or information, the government is required to clearly apprise a defendant of the charge or charges that he must be prepared to meet. **United States v. Tye**, 519 F.2d 586 cert. denied., 96 S.Ct. 400, 423 U.S. 989 L.Ed.2d 301. The government was required in the indictment to provide notice of the charges against petitioner for aiding and abetting principal offender in commission of the offense of first degree murder in order for petitioner to prepare a defense to effectuate the "double jeopardy" provision of U.S.C.A. Const. 5 and to shield petitioner from unwarranted and unfound charges of involement in serious crimes by interposing the indepedant judgment of the grand jury. **United States v. Radowitz**, 509 F.2d 109. The elements and facts of aiding and abetting in the commission of first degree murder was required to be setforth in petitioner's indictment. **Hamling v. United States**, 418 U.S. 87, 117 L.Ed.2d 509, 94 S.Ct. 2887 (9174); **Jones v. United States**, 526 U.S. 227, 234, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999):[A]n indictment is insufficient if it contains not the element of crime charged. An indictment that fails to allege essential element of the crime charged offends both the 5th and 6th amendment of the U.S. Constitution. **Russell v. United States**, 369 U.S. 749-760-61, 82 S.Ct. 1038, 8 L.Ed.2d 240. The 5th amendment guarantees "No person shall be held to answer for a capitol, or otherwise, infamous crime, unless on a presentment of indictment of a grand jury indictment.... "If the indictment does not state the essential elements of the crime charged, a defendant cannot be assured that he was tried and sentenced on evidence presented to the grand jury. Id. 369 U.S. at 761, 82 S.Ct. 1038. The 6th amendment guaranty that the defendant's right to be informed of the nature and cause of accusation against him and it also offends by an indictment that does not state the essential elements

aided and abbetted in the homicide as well as the felony for both counts are criminal offenses spoke to under 22-105 <u>any criminal offense that one advising, conniving, inciting, or aiding and abetting in the commission of some offense.</u>

If, as here a prescribed mode of procedure for acquiring jurisdiction is not followed (fifth amendment right to indictment by grand jury; Fed.R.Crim.P. 7(c); Sixxth amendment right to be informed by indictment of the (nature and cause of the accusation) - the resulting judgment is subject to collateral attack. American Jurisprudence, 47 AM Jur. 2d, Judgments, Section 933; 20 Am Jur. 2d Courts, Section 94.

Federal Rule Criminal Procedure 7(c)(1) requires that an indictment be "plain, concise, and definite written statement of the essential facts, constituting the offense charged. From this tect, rule 7(c)(1) is a vibration of the fifth and sixth amendment in that petitioner [shall] be afforded the right to indictment by grand jury; and, through this avenue be "informed of the nature and cause of the accusation," respectively, - or else, "no person shall be held to answer."

This type of claim has historically been recognized as fundamentally and for which collateral relief has accordingly been available is that of jurisdictional error." <u>**United States v. Addonizio**</u>, 442 U.S. 178, 185, 99 S.Ct. 60 L.Ed.2d 805 (1979)("Habeas Corpus has long been available to attack conviction and sentence entered by a court without jurisdiction.") <u>**Keel v. United States**</u>, 585 F.2d 110, 114 (5th Cir. 1978)(en banc). Jurisdcitional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation. A jurisdictional error by its nature such as here is of a "fundamental" character as to render the proceedings"'irregualar and invalid." <u>**Morgan**</u>, 346 U.S. at 509 n.74, S.Ct. 247, and Habeas Corpus affords a procedural vehicle through which error may be corrected. When a court without jurisdiction to convict or sentence those judgments are void from thier inception and remain void long after defendant has fully suffered their direct force.

of the crime. Id. 369 at 761, 82 S.Ct. 1038.

The district courts of the United States are courts of limited circumscribed jurisdiction. This court derives its power to act from two (2) sources. First and foremost jurisdictional power is derived from the Federal United States Constitution, and the legislative acts of Congress. See **Insurance Corp. of Ir., LTD. v. Compagnie des Bauxities de Guinee**, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); **Harris v. United States**, 149 F.3d 1304 (11th Cir. 1998) at 1308; **Philbrook v. Glodgett**, 421 U.S. 707, 95 S.CT. 1893, 44 L.Ed.2d 525 (1975); **City of Kenosha v. Bruno**, 412 U.S. 507, 93 S.Ct. 222, 37 L.Ed.2d 109 (1973). In full acknowledgment that the court does have power/jurisdiction to impose sentence in a criminal proceeding of or presenting theory of aiding and abetting via D.C. Code 22-105, from this extreme the court has jurisdiction through [legislative act of Congress. Nevertheless, the court does not have Constitutional jurisdiction of the (Subject-matter of aiding and abetting) in this case for failure to proceed within constitutional commands of an indictment by the grand jury.

The indictment in this case matter was and is void in making allegation or averment that petitioner (aided and abetted) (albeit), the principal offender [another person] to commit crime within the statutory language of D.C. Code 22-2401. But the jury was instructed they could find guilt of first degree murder against petitioner, upon theory (aiding and abetting) to which the indictment gave no notice, that petitioner aided and abetted as an accomplice [another person] to commit crime of first degree homocide this theory, vicarious liability the indictment gave no notice of. To this end, the court did not have subject-matter jurisdiction absent an indictment to this effect to impose same sentence as principal offender under 22-105 or convict.

The requirement of subject-matter jurisdiction relates directly to the constitutional (power) of a federal court to entertain a cause of action in sense that petitioner

Moreover, as the Supreme Court reiterated in **Spencer v. Kemna**, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43. "it is an obvious fact of life that most criminal convictions _ in fact entail adverse legal consequences." Id. at 12, 118 S.Ct. 978(internal quotation mark ommitted); **Wolfe v. Coleman**, 681 F.2d 1302, 1305 (11th Cir. 1982), **Minor v. Dugger**, 864 F.2d 124, 126 (11th Cir. 1989). "It is a fundamental precept of the administration of justice in the federal courts that the accused must not only be guilty of the offense of which he is charged and convicted, but that he be tried and convicted according to proper legal procedures and standards. In short it is not enough that the accused be guilty: Our system demands that he be found guilty in the right way." **United States v. England**, 347 F.2d 425 at 436 (1965); **Wilson v. United States**, 250 F.2d 312, 334-325 (9th Cir. 1958).

This court may entertain post-conviction challenge under 28 U.S.C. 2255 based on indictment failure to charge offense because such error "divest" the sentencing court of jurisdiction. **United States v. Harper**, 901 F.2d 471, 472 (5th Cir. 1990); federal practice §12.03[1] at 12-20 (1989) see also **United States v. Pupo**, 841 F.2d 1235 (4th Cir. 1993).

It is also fundamental principle of federal jurisprudence that petitioner may challenge the district court's subject-matter jurisdiction at any time. **United States v. Osimi**, 980 F.2d 344, 345 (3rd Cir. 1993)(defendant may challenge court jurisdiction on grounds that indictment failed to state offense); **United States v. Vreeken**, 809 F.2d 1085 (10th Cir. 1986)(defendant may raise objection at any time to subject-matter jurisdiction); **Louisville &. Nashville Railroad Co. v. Mottley**, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

For the reasons setforth in this claim, it is required of this Honorable Court to set aside, reverse or vacate petitioner's conviction under statute D.C. Code 22-105 pursuant to statute D.C. Code 22-2401.

19

## INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION
## OF THE SIXTH AMENDMENT.

Petitioner avers that the essential facts and elements of Statute D.C. Code 22-105 are advising, inciting, connving or aiding and abetting principal offender in violation of statute D.C. Code 22-2401 first degree murder. In petitioner's case he was held accountable of aiding and abetting principal offender pursuant to 22-105 in commission of first degree murder pursuant to 22-2401. Petitioner avers that aiding and abetting was an essential element and a fact necessary to constitute the crime of aiding and abetting a principal offender as a principal. Petitioner's trial was held in 1973 and in 1970, the United States Supreme Court in In re Winship, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1030 (1970, held that provision under the United States Constitution required criminal convictions rest upon jury determination that defendant is guilty of every element of the crime which he is charged beyond a reasonable doubt. In Ivan V. v. City of New York, 407 U.S. 203, 32 L.Ed.2d 659, 92 S.Ct. 195 (1972), gave the announcement in Winship retroactive effect. In re Winship held that is the government provides that a specific component of a prohibited transaction shall give both to a special stigma and to special punishment, that component must be treated as a fact necessary to constitute the crime within the meaning in the holding in In re Winship, post, at 103, 91 L.Ed.2d at 87. Petitioner avers that Winship and Ivan V. became law prior to his trial and petitioner's attorney should've had knowledge of this sweeping new change of law and entered an objection arguing that petitioner's 5th and 6th amendment substantial constitutional rights to indictment and trial by jury and due process of law were violated regarding adjudication of aiding and abetting principal offender in the commission of first degree murder because the government never sought and indictment, nor did the jury find petitioner guilty beyond a reasonable doubt as to these essential elements. Statute D.C. Code 22-105's components of aiding and abetting

20

under statutory provision was an essential element, ingredient and fact necessary
to constitute <u>any criminal</u> offense that comes within reach of the statute requiring
constitutional consideration (1) "No person shall be held to answer for a capital,
or otherwise infamous crime, unless on a presentment of indictment. U.S. Cont.
5th and 6th amendment. (2) "No person will be deprives of liberty without due
process of law. Const. 5th amend. (3) "In all criminal prosecutions, the accused
shall enjoy the right to a speedy and public trial by an impartial jury." These
substantial constitutional rights afforded petitioner were not protected by
counsel when he failed to object that there was no indictment on the charge
of aiding and abetting, and that the jury did not return a verdict of guilty
as required under due process of law. Petitioner avers that counsel's failure
to object was because of his incompetence and his lack of professionalism thus
places his performance below and objective standard of reasonableness which
in turn makes counsel ineffective in his representation.

In **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052
(9184); the Supreme Court established a two-part test for ineffective assistance
of counsel; first the [criminal] defendant must show that counsel's performance
was deficient. This requires showing that counsel made errors so serious that
he was not functioning as counsel guaranteed the defendant by the Sixth Amendment.
Second, the defendant must show that the deficient performance prejudiced the
defense. This requires showing that counsel's errors were so serious as to
deprive the defendant to a fair trial, a trial whose results are reliable.
Id., at 687, 104 S.Ct. at 2064. Generally both components of this inquiry are
mixed questions of law and facts.

Petitioner avers that it was a serious error on counsel's behalf of not
objecting to the denial of petitioner's substantial constitutional rights afforded
under the 5th and 6th amendments of the United States Constitution when he

failed to challenge that fact that before petitioner could be found guilty of aiding
and abetting the principal offender in the commission of first degree murder without
the government first seeking an   . indictment for the elements  under statute
22-105 of aiding and abetting principal in first degree murder.

The Sixth amendment guarantees this function to ensure that convictions
are obtained only through a fair procedure. **United States v. Decoster**, 199
U.S. App. D.C. 359, 445, 624 F.2d 196, 291 (en banc)(Bazelon J., dissenting)
cert. denied, 444 U.S. 944, 62 L.Ed.2d 311, 100 S.Ct. 303 (1979); Note 93 Harv.
L. Rev. at 767-770. Petitioner avers taht counsel's failure to enter an objection
was crucial because petitioner was facing conviction of two consecutive twenty
to life sentences opposed to a minimum of two  years and a maximum of fifteen
years. Counsel plays a crucial role in the aversarial system embodied in the
6th amendment, since access to counsel's skill and knowledge would accord petitioner
with "ample opportunity to meet the case of the prosection" to which petitioner
was entitled. **Adams v. U.S., ex re. McCann**, 317 U.S. 269, 275, 276, 87 L.Ed.
268, 63 S.Ct. 236, 143 ALR (1942); see **Powell v. Alabama**, supra, at 68-69,
77 L.Ed. 158, 53 S.Ct. 55, 84 ALR.

Counsel's failure to object to the denial of petitioner's 5th and 6th
amendment right to be indictment and found guilty by a jury before there could
be a proper adjudication under statute 22-105 D.C. Code 22-105 2401 shows that this
performance was deficient and such deficient performance prejudiced the defense.
**Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). Counsel's errors was so serious that it deprived petitioner of a fair
trial, a trial which has results that are unreliable. Id., at 687, 104 S.Ct.
at 2064.

In this claim the substantial error is counsel's failure to object to
the necessary element component and fact that constituted the crime of aiding

22

abetting first degree homocide. Moreso, the court should have noticed that there was no indictment information presented on the charge of aiding and abetting in commission of first degree homocide and that the jury was offered no evidence to this regard. Failure of counsel to bring these errors to light was no mere garden- variety blunder. Here counsel failed to object to important, obvious substantial constitutional rights guaranteed to petitioner unless he chooses to waive them. Without any imaginable strategic or tactical reason for this omission, counsel's performance fell below the standard of proficient representation that the constitution demands. **Cook,** 45 F.3d at 395; **United States v. De la fuente,** 8 F.3d 1333,1337 (9th Cir. 1993).

In other words giving the merits of the case, the object was a clear winner and presenting it would have risked nothing. Counsel's eschewal of the objection amounts to constitutionally deficient performance. The issue before the Court is an examination of counsel's pleading and laws involved in this case. **Rummel v. Estell,** 590 F.2d 103, 104 (1979), where counsel at trial and appellate[1] had deprived defendant of his right to effective assistance of counsel by failing to render "adequate legal assistance," **Cuyler v. Sullivan,** 466 U.S. 344, 64 L.Ed.2d 333, 100 S.Ct. 1708. Id., at 345-350. Failure of counsel to enter an objection to the denail of petitioner's 5th and 6th amendment constitutional rights to an indictment and a trial by jury of every element that is required for conviction was improper and damaging to litigation decision. **United States v. DeCoster,** 199 App. D.C. at 372-373, 624 F.2d, at 209-210.

Although a reviewing court address that whole of the record, a single

---

[1]Appellate counsel refused upon petitioner's insistence to raise issue on appeal concerning indictment and trial by jury in adjudication under statute D.C. Code 22-105.

serious error can support a claim of ineffective assistance of counsel. (citing **Murray v. Carrier**, 477 U.S. at 496, 100 S.Ct. 2639; **Cronic**, 446 U.S. at 657, n. 20, 80 L.Ed.2d 657, 104 S.Ct. 2039 (1984), **Kimmelson v. Morrison**, 447 U.S. 365, 368, 106 S.Ct. 2574, 91 L.Ed.2d (1986), see also **Murray v. Smith**, post at 535, 91 L.Ed.2d 434, 106 S.Ct. 2661.

Petitioner avers federal appellate courts have not hesitated in finding ineffective assistance of counsel based upon isolated - but important - errors. See e.g., **Mason v. Hanks**, 97 F.3d 887, 891-902 (7th Cir. 1996); **United States v. Cook**, 45 F.3d 388, 395 (10th Cir. 1995); **Jackson v. Herring**, 42 F.3d 1350, 1358-62 (11th Cir. 1995); **Mayo v. Henderson**, 13 F.3d 528, 533-36 (2nd Cir.1994); **Dawan v. Dochart**, 980 F.2d 470, 473-75 (8th Cir. 1992); **Gray v. Lynn**, 6 F.3d 265, 268-71 (5th Cir. 1993); see also 2 Jmaes S. Liebman & Randy Hertz, Federal Habeas Corpus Procedures and Practice §26.3b at 1102, n.37 (3Ed. 1998).

In this instant case counsel's failure to enter an objection and appellate counsel's failure to advance the claim on direct appeal regarding the denial of indictment and trial by jury and due process of law at to the elements of aiding and abetting pursuant to statute D.C. Code 22-105, makes the representation of both trial and appellate counsel deficient and petitioner was not rendered adequate legal assistance in the protection and safeguard of petitioner's fundamental constitutional guaranteed rights.

Petitioner avers that counsel failed to make the objection even though petitioner insisted that he should becasue this claim would have established a strong case for petitioner. If not but for the error, no jury would have returned a guilty verdict on the elements of aiding and abetting the principal offender in the commission of first degree homicides. In reviewing the evidence proffered by the government in light most favorable to the government, the evidence is not sufficient enough to carry a verdict of guilt.

In review of the sufficiency of the evidence, to must meet the constitutional standard of proof beyond a reasonable doubt under **Jackson v. Virginia**, 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2881 (1979), no trier of fact could have found the essential element component and necessary fact that constitute the crime beyond a reasonable doubt. Id., at 319, 61 L.Ed.2d 560, 99 S.Ct. 2781. Moreso when the government never properly adjudicated the criminal offense in regard to aiding and abetting the necessary fact to constitute the charge of first degree homocides, it proffered on evidence in regard to the elements of aiding and abetting which leaves a reasonable probability that the result of the trial would have been different "absent the error." **Strickler v. Greene**, _____ U.S. _____, 119 S.Ct. 1936, 1952, 144 L.Ed.2d 286 (1999). The gravest importance was that petitioner did not recieve a fair trial due to trial counsel's error and appellate counsel's refusal to advance the issue and in that capacity, they both rendered ineffective assistance of counsel that produced unreliable results. **Strickland v. Washington**, 466 U.S. 668 at 685, 80 L.Ed.2d 674, 104 S.Ct. at 2064. A fair trial is understood as a trial resulting in a verdict worthy of confidence. **Kyles v. Whitley**, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

Petitioner avers that counsel's failure to object to petitioner not being indicted for aiding and abetting, nor being afforded a trial by jury under due process that he should be a principal for prosecution of being an accomplice to the principal offender in commission of first degree homocide under statute D.C. Code 22-105 constitutes a waiver of petitioner's guaranteed fundamental rights without petitioner's consent to do so.

Appellate counsel's refusal to advance the denial of petitioner's 5th and 6th amendment constitutional rights on appeal amounts to ineffective assistance of counsel. Wherefore petitioner avers that his trial counsel and appellate rendered ineffective legal assistance.

25

## CONCLUSION

Petitioner conludes that he has made a "prima facie" showing under **Murray v. Carrier**, 447 U.S. 478, 91 L.Ed.2d 397, 106 S.Ct. 2639, that absent an indictment, trial by jury and due process of law petitioner was denied the full panoply of protection afforded by the United States Constitution, and the court may address the merits of his constitutional claims in that his claims falls within the "narrow class of cause ... implicating a fundamental miscarriage of justice. **McCleskey v. Zant**, Id. at 494, 113 L.Ed.2d 517, 111 S.Ct. 1454.

The Supreme Court in **McClesky v. Zant**, described fundamental miscarrigae of justice as a safeguard against compelling an innocent man suffer an unconstitutional lost of liberty." Id., 499 U.S. at 495, 113 L.Ed.2d 517, 111 S.Ct. 1454 (quoting **Stone v. Powell**, 428 U.S. 465, 491-492 n. 31, 49 L.Ed.2d 1067, 96 S.Ct. 3037 (1976).

In **Murray v. Carrier**, the Supreme Court held that in those cases in which "a constitutional violation has probably resulted in the conviction of one who is actually innocnet, a federal court may grant the writ even absence of a showing of cause for procedural default." Id. 477 U.S. at 496, 91 L.Ed.2d 106 S.Ct. 2639 (emphasis added). The court has frequently confirmed this standard. See e.g., **Coleman v. Thompson**, 501 U.S. 722, 748, 115 L.Ed.2d 640, 111 S.Ct. 2546 (1991); **Dugger v. Adams**, 489 U.S. 401, 412 n. 6, 103 L.Ed.2d 435, 109 S.Ct. 1211 (1989); **Teague v. Lane**, 489 U.S. 288, 313, 103 L.Ed.2d 334, 109 S.Ct. 1060 (1989).

Petitioner concludes that he has demonstrated by a "prima facie" showing that a non-indicted, non-tried offense as required under the 5th and 6th amendments under the U.S. Constitution has resulted in his conviction, and no conviction can rest upon this premise. It is axiomatic that a conviction upon a charge not made or a charge not tried constitutes a denial of due process. **Cole v.**

**Arkansas**, 333 U.S. 191, 201, 92 L.Ed.2d 644, 68 S.Ct. 514; **Presnell v. Georgia**, 439 U.S. 14, 58 L.Ed.2d 207, 99 S.Ct. 235, whereas petitioner has made a prima facie showing that aiding and abetting any offense including first degree murder is a charge within the meaning of statute D.C. Code 22-105 and when not charged or tried as such in petitioner's case, petitioner is actually innocent of violating statutes 22-105 and 22-2401 as a principal, and thus should be allowed through the exception under **Murray v. Carrier.**

The procesution was required to charge by way of indictment and prove to a jury beyond a reasonable doubt that petitioner aided and abetted the principal offender in the commission of first degree murder because aiding and abetting are necessary facts and components under statute 22-105, in order for conviction under that statute to be valid. **In re Winship**, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068, 57 Ohio ops 2d 323.

Petitioner concludes that under **Sawyer**, 505 U.S. 333, 120 L.Ed.2d 269, 112 S.Ct. 2514. Petitioner has demonstrated by a "prima facie" showing that due to a constitutional violation of a high magnitude of procedrual 6th and 5th amendment violations, he stands actually innocent of violating statute D.C. Code 22-105 of aiding and abetting to constitute same liability as princiapl offender which has constituted the same sentence. Under **Swayers** actually innocent exception, it has been demonstrated that petitioner is not eligible for the two (2) consecutive 20 to life sentences imposed as same as principal for the purpose of enhancement of same liability.

Petitioner conclude that he has made a "prima facie" showing under the procedural default exception under **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052, that counsel refused to raise an objection to the right to the full panoply afforded by the Constitution and appellate counsel's failure to advance the denial of these rights on appeal amounts to ineffective assistance of both trial and appellate counsel.

Petitioner concludes that he has made a "prima facie" showing that he stands convicted and sentenced to a non-indicted offense of aiding and abetting the offense of first degree murder and absent and indictment to that effect, he stands on the presumption of innocence until proven guilty. Absent an indictment the court was without jurisdiction to impose conviction and sentence on this offense.

It is concluded for these reasons setforth that petitioner's conviction and sentence be reversed, set-aside or vacated.

### RELIEF SOUGHT

For the reasons setforth in this motion, petitioner moves this Honorable Court to issue a Wirt of Habeas Corpus vacating, set-aside or reversal of the conviction and/or sentence pursuant to 28 U.S.C. §2243 to the government to show cause why this writ whould not be granted.

Petitioner also request an evidentiary hearing on all claims and whatever relief this court deems appropriate.

Respectfully Submitted,

*Eugene J. Cunningham*

EUGENE J. CUNNINGHAM
Fed Cor Complex USP
P.O.Box 1033
Coleman, FL 33521-1033

Sworned and signed before me on this _16_ day of May, 2005

My commission expires on _N/A_

In the County of _Sumter_

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this ___ day of _____ , 20_05_

_____
Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)

28

Exhibit

JUDGMENT AND COMMITMENT (Rev. 2-68)

CO-150
New 10/71

# United States District Court
## FOR THE
## DISTRICT OF COLUMBIA

*United States of America*

v.

#4- EUGENE J. CUNNINGHAM

Criminal
No. 1328-72

FILED
MAR 23 1973
JAMES F. DAVEY, Clerk

On this    23rd    day of    March    , 19 73 came the attorney for the government and the defendant appeared in person and by counsel, Edward J. Menard, Esquire

IT IS ADJUDGED that the defendant upon his plea of not guilty and a verdict of guilty

has been convicted of the offense of

MURDER I AS CHARGED IN COUNT ONE

MURDER I AS CHARGED IN COUNT TWO

VIOLATION:  TITLE 22, DISTRICT OF COLUMBIA CODE, SECTION 2401

ARMED ROBBERY AS CHARGED IN COUNT SEVEN

VIOLATION:  TITLE 22, DISTRICT OF COLUMBIA CODE, SECTIONS 3202, 2901

and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

IT IS ADJUDGED that the defendant is guilty as charged and convicted.

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for

Maximum Term of Life and for a Minimum Term of not less than Twenty (20) Years on Count One; A Maximum Term of Life and for a Minimum Term of not less than Twenty (20) Years on Count Two. Sentence imposed on Count Two shall run consecutively with the sentence imposed on Count One. A Maximum Term of Life and for a Minimum Term of not less than Fifteen (15) Years on Count Seven. Sentence imposed on Count Seven shall run concurrently with the sentence imposed on Counts One and Two. Vacated 4-18-83 clu

The foregoing sentence is to be served consecutively to any sentence imposed prior to this date by any Court in this or any other jurisdiction, State or Federal.

Indictment filed before Aug. 1, 1972.

**05 1200**

IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

United States District Judge

**FILED**

True certified copies of above Judgment and Commitment delivered to U. S. Marshal for the District of Columbia this _____ day of _____
JAMES F. DAVEY, Clerk    By _____

A TRUE COPY, Certified this    23rd    day of    March    1973
JAMES F. DAVEY, Clerk    By _____

## CERTIFICATE OF SERVICE

IT is hereby certified that on this ___ day of _____, 2005  I mailed the foregoing petition (3) copies to the United States District for the District of Columbia, United States Courthouse 333 Constitution Avenue, N.W., Washington, D.C. 20001, and one copy to the United States District Attorney's Office for the District of Columbia, Judiciary Center 555 4th Street., N.W., Washington, D.C. 20001.

Respectfully Submitted,

EUGENE CUNNINGHAM
# 02433-135
USP Coleman
P.O.Box 1033
Coleman, FL 33521-1033.

Mailed by

LINDA WINGFIELD
3048 Stanton Rd S.E. #204
Washington, D.C. 20020.