UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EUGENE J. CUNNINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-1200 (PLF) |
| ) | |
| UNITED STATES ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

This case comes before the Court on petitioner's request for a Writ of Habeas Corpus. Upon consideration of petitioner's brief, the Court will deny the request.

Petitioner was convicted in 1973 of armed robbery and two counts of first degree murder under the District of Columbia's felony murder statute, D.C. CODE ANN. § 22-2401 (now D.C. CODE ANN. § 22-2101), and is serving consecutive sentences of 20 years to life on the murder convictions. He now suggests that his murder convictions are illegal and must be vacated.

Petitioner argues that his conviction is invalid under D.C. CODE ANN. § 22-105 (now D.C. CODE ANN. § 22-1805), which states, in relevant part, that "in prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories[.]"

Petitioner argues that the statute applies to every criminal offense under the District of Columbia Code, including the felony murder statute, which states in pertinent part

that: "whoever, being of sound memory and discretion, kills another purposely, either of deliberate and premeditated malice or . . . without purpose to do so kills another in perpetrating or in attempting to perpetrate any . . . robbery . . . is guilty of murder in the first degree." D.C. CODE ANN. § 22-2401 (now D.C. CODE ANN. § 22-2101).  Under petitioner's reading of the statutes, Section 22-105 forbids his conviction for murder unless prosecutors prove that petitioner aided and abetted the killings themselves, not just the underlying offense of armed robbery.

The District of Columbia Court of Appeals considered this issue in Waller v. United States, 389 A.2d 801 (D.C. 1978).  The appellant in Waller challenged his felony murder conviction on the same grounds as petitioner, arguing that under Section 22-105, "to convict an aider and abettor of first-degree felony murder, the government must prove two separate intents: first, intent to commit the underlying felony, and second, intent to commit the homicide." Id. at 807.  The District of Columbia Court of Appeals rejected the argument, noting:

> [T]wo elements [are] requisite for conviction of felony murder. First, the defendant or an accomplice must have inflicted injury on the decedent from which he died. Second, the injury must have been inflicted in perpetration of a specified felony. No distinction [is] made between principals and aiders and abettors for purposes of felony murder liability. Only intent to commit the underlying felony need be proved.

Id. (citing United States v. Branic, 495 F.2d 1066 (D.C. Cir. 1974)); see also Prophet v. United States, 602 A.2d 1087, 1095 (D.C. 1992); West v. United States, 499 A.2d 860, 855 (D.C. 1985).

The District of Columbia Court of Appeals has been the highest court of the District of Columbia since February 1, 1971.  See M.A.P. v. Ryan, 285 A.2d 310, 312 (D.C. 1971); Pub.L. No. 91-358.  Although the decisions of the United States Court of Appeals for the

2

District of Columbia Circuit rendered before February 1971 are considered part of the binding case law of the jurisdiction, decisions made after February 1971 are accorded "great respect" but are not controlling precedents. M.A.P. v. Ryan, 285 A.2d at 312. Nevertheless, petitioner cites no post-M.A.P. precedent from the D.C. Circuit that conflicts with the District of Columbia Court of Appeals' holding in Waller, and this Court too has searched in vain for such a case. Furthermore, the D.C. Circuit decision on point is fully consistent with Waller. In Carter v. United States, 445 F.2d 669, 672 (D.C. Cir. 1971), the D.C. Circuit held that a defendant's participation in a robbery in which the defendant's accomplice committed a murder was sufficient for a felony murder conviction; proof that the defendant intended or aided and abetted the murders was unnecessary.

Petitioner does not contest that he aided and abetted the robbery, nor that his aid was proved at trial. Nor does he argue that the killings were not in furtherance of the robbery. See Christian v. United States, 394 A.2d 1, 48-49 (D.C. 1978). The Court therefore finds that petitioner has presented no reason for vacating his murder convictions. Accordingly, it is hereby

ORDERED that [1] petitioner's petition for a Writ of Habeas Corpus is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 19, 2005