United States District Court
For The District Of Columbia

Mr.Eugene J.Cunningham )
                                        )          Case No: 1:05CV01200
              Petitioner,       )              Judge: Pual L.Friedman
                                        )       Deck Type: Court Sua Sponte
                                        )       on it motion habeas corpus
                                        )       2255
              -Vs-                  )
                                        )
                                        )
                                        )
United States,et.al            )
              Respondents,    )

Supplement Motion and Memorandum
Of Law in Support Of motion
—————————————————

Petitioner filed before this Honorable Court on 06-20-
2005, A Petitioner claiming actual innocence of violation of
D.C.Code 22-105 due to (1) failure to indict upon statute,

(2) Denial of trial by jury upon the statute,

(3) Denial of due process of law under the winship doc-
trine of proof of violation of statute 22-105 beyond a reasonable
doubt,

and (4) ineffectiveness Assistance of counsel in failure to
object to violations of Petitioner substantial constitutional
right's guareenteed under the (5th) and (6th) amendment.

Petitioner Mr.Eugene J.Cunningham now moves this Honorable
Court in the above caption case with this supplemental motion
and memorandum of law in support of this motion, that the request
instruction by the Government of aiding and abetting as a prin-
cipal that the court instructed the jury as structual error.

PG(1).

The Petitioner **Mr.Eugene J.Cunningham** submitted the following in support of this claim.

Petitioner Mr.Eugene J.Cunningham in this cause of action was indicted for **(2) counts of first Degree Homicide** pursuant to **D.C.Code 22-2401.** and **One count of Robbery,** pursuant to **D.C.Code 22-2901.** The jury brought back a verdict of guilty on the **Robbery Count** where as the **governement** was relieved of proving premeditation by virtue of criminal liability as a principal aiding and abeting by virtue of **D.C.Code 22-105.** Which states in prosecution for any criminal offense all person advising, inciting or conniving at the offense, Or aiding or abetting the principal offender, shall be charged as a principals and not as a accessories before the fact the law here to fore applicable in case of misdemeanor onle shall apply to crimes, whatever the punishment maybe. **Mar.3.1901.31 stat.1337.ch 854.& 908.1973 Ed.,& 22-105).**

It is held in the **D.C.Circuit** that (an indictment ) needs not include a charge of aiding an abetting in order for theory to be presented to a **jury). Head V United States 452.A2d. 615. 626); Mason V United States, 252 A2d.562.567. (Application applied in petitioner case).**

Petitioner **avers** that the plain language of statute **D.C. Code 22-105** in it meaning or any criminal offense a **Defendant** shall be charged as principal when coming in arbit of statue. And such charge has to be made by indictment under constitutional demand.

PG(2).

To failure to indict as in Petitioner case and in structing the jury to aiding an abetting was a constructive amendment of **Petitioner** indictment that constituted structural error.

Petitioner avers that aiding an abetting in the context of **Statue D.C.Code 22-105** serve to aggravate by enhancement a conviction for **Robbery** of a minimum of five years. And a statutory maximum of fifthteen years to minimum of twenty years to a maximum of life.

Petitioner **Mr.Eugene J.Cunningham** avers here the **government** asked for a special stigma and special punishment that raises the statutory maximum of a conviction and sentence that requires constitutional commands under the **US.Constitution. (5th) and (6th) amendment** to right to an indictment, **(6th)** amendment **right to trial by jury** and (5th) amendment right to due process of law and proof beyond a reasonable doubt under the winship doctrine. **See in Re: winship, 397 U.S. 358, 25 Led.2d 368. 90 S.ct. 1030C1970); See also winship. post. at 103. 91 Led 2d. at 87.**

Petitioner avers under the proposition of these substantial constitute right such instruction by the jury absent indictment pursuant to aiding an abetting under statute **DC.Code 22-105** was structural error.

The indictment in this case neither cgarged or put on notice that **Petitioner** aiding an abetting principal offender in either of the indictment offenses.

Petitioner avers if the court allows that a charge be broaden by unlawful means then a constructive **amendment** :

Of the indictment has occured. <u>US. V Delano, 55 F3d.
720 (2nd Cir.1995)</u>(<u>Constructive amendment</u> of an indictment is
<u>Per-Se</u> violation of the fifth amendment that requires reversal
even without showing prejudice); <u>U.S. V Derden, 70 F3d. 1507
(8th Cir.1995)</u>(Instruction that broaden based for conviction
infringed on fifth amendment right to a <u>Grand-Jury.</u>

Petitioner avers that the constructive amendment of his
indictment of aiding an abetting which he was not indicted for,
constitute error <u>Per-Se</u> which requires reversal of his sentence
and conviction in his case. It would be required even under
the "Plain Error" analysis. <u>U.S. V Olano, 570 US. 725 (1993).</u>
given the argument above, the evidence of a constructive amend-
ment of <u>DC.Code 22-105</u> <u>aiding an abetting</u> it clearly sufficient
to constitute an error <u>Per-Se</u>, thereby warranting reversal of
Petitioner sentence and conviction in that he stands liable
as aiding an abetting principal offender in the charge of <u>Robbery</u>
or first degree homicide without first being charged in an indict
ment. as to being "Plain Error",

Petitioner again point the cases. <u>See Stiton V US., 316
US. 212 (1960);</u> and <u>See also Floresca, 38 F.3d 706 (4th Cir.1994)</u>.

Petitioner avers the error was "Clearly" plain" affected.

Petitioner substantial right with jury instruction of
un-indicted element, factor that not only broaden the possibility
base for conviction but also elevated the offense and sentence
to be met out into a higher catagory for the base offense con-
viction for <u>Robbery.</u>

PG(4).

The court cannot permit a **Defendant** to be tried on charges that are not made in the indictment against him deprivation of such a basic right is far too serious to be created as nothing more than a variance and dismiss it as harmless error **Stirone, 361 US. at 217.** This constructive **amendment** destroyed the **Petitioner** substantial right to be tried on elements, facts and real conduct presented in an indictment returned by the **Grand-Jury.** "id., the constructive **amendment** of **Petitioner** indict ment of aiding an abetting **pursuant** to statute **DC.Code 22-105** was highly prejudical, as there was no indictment entered by the **Grand-Jury.**

This error seriously effected the fairness and integrity of the judicial proceeding. "D"priving **Petitioner** the protection of the **Grand-Jury** was intolerable unfair. **Floresca, 38 F3d. 714.** No court consciously choose to ignore constitutional right to a **Grand-Jury** indictment for criminal offense and punishment as case law upholding that right, While simultaneously the in-tegrity of the law. To otherwise embark on any other course would gravely threaten the very legitimacy of the **Federal** tri-bunals **Floresca 38 F3d. at 714.**

To allow the **government** to include statute **DC.Code 22-105 aiding an abetting**, the principal offender on either charge of **Petitioner** indictment without first submitting it to the **Grand-Jury** an acquiring a **Grand-Jury** indictment was impermissible broaden of **Petitioner** indictment in violation of the **Supreme Court** decision in **Stirone,Supra and Miller, 471 US. 130.** thus, the **government** cannot ambiguity created by it's failure to cite and indict according to relevent statute:

Which leaves the assumption that the conviction and sentence here in rested on a ground not charged in an indict- ment but constructive **amendment** on request by the <u>**Government**</u> to court in jury instruction.

The interest of the <u>**United States**</u> in criminal prosecution is not that shall in the case **(the catah all clause),** but justice will be done. <u>Jencks</u> <u>**V**</u> <u>US.</u> <u>353.</u> <u>US.</u> <u>657(1950).</u> To accomplish these goals, an indictment must specifically setforth the essen- tial elements, act and real conduct of the offense charged. <u>Hamling</u> <u>**V**</u> <u>US.</u> <u>418</u> <u>US.</u> <u>at</u> <u>117.</u> <u>94</u> <u>S.ct.,</u> <u>at</u> <u>2907.</u> <u>**See also**</u> <u>**Fed.**</u> <u>**R. crim.**</u> <u>**P.**</u> <u>**Rule**</u> <u>**7(c)(1)**</u> <u>**(the**</u> <u>**indictment)...**</u> shall be a plain, concise and difinite written statement of the essential facts constituting the offense charges").

Petitioner avers the instruction to the jury by the court of violating statute <u>**DC.Code**</u> <u>**22-105**</u> as to aiding an abetting the principal offender under the indictment absent a <u>**Grand-Jury**</u> indictment of aiding an abetting any offense as required <u>**22-105**</u> was and constructive **amendment** of **Petitioner** indictment that constitute structual error that requires reversal of **Petitioner** conviction and sentence.

**Petitioner** avers memorandum of law in support of motion without question aiding an abetting any offense commits also offense against the <u>**United States**</u> in violation of <u>**DC.Code 22-105.**</u> That much is true in that congress whom enacted <u>**22-105**</u> is the same congress that enacted title <u>**18.USC.**</u> <u>**section 2.**</u> which states:

(A) Whomever willfully causes an act to be done which is directly performed by him or another would be an offense against the <u>**United States,**</u> is punishable as a principal.

PG(6).

(B) Whomever commits an offense against the **United States**, or aids or abets, counsel, command, induce or procure it commission is punishable as a principal.

Petitioner avers that within the meaning of **DC.Code** 22–105 **aiding** **an** **abetting** **offense** **or** **as** **in** 18.USC.2, committing an offense against **United States**, by aiding abets. Under either statute the are offense being committed is in violation of the laws of the **United States**, in that congress enacted both statutes that arrive it authority from the US.Constitution.

Petitioner argue that aiding an abetting under the 18.USC.2 must ahere to constitutional commands so to must aiding and abetting under statute **DC.Code** 22–105 of requirement of indictment, trial by jury and due process of proof beyond a reasonable doubt under the winship doctrine. **397 US. 358. 25 Led. 2d 368. 90 S.ct 1030(1970). See also winship . post, at 103 90 Led 2d. at 87.**

Petitioner avers failure to indict Petioner **for aiding an abetting** the commission of homicide and instructing the jury of aiding an abetting was structural error.

Petitioner avers that the **Supreme** **Court** has long since recognized a "Special" catagory of error which must be corrected regardless of their on the out-come of the case. US. V Olano, **507 US. 725. 735. 113 S.ct 1770. 1778. 123 Led. 2d 508 (1993).** The **Supreme** **Court** has labled this category: of error as "struc tual". Arizona V Fulminate, **449 US. 279. 310.11 S.ct. 1246.1265. 113 Led. 2d. 302 (1991).**

A stuctual error in a criminal trial always requires reversal of a conviction because such error renders the trial an unreliable vehicle for the determination of guilty. **Rose 92 Led. 2d. 460 (1986).**

Structural error constitutes a defect in the construction of the trial mechanism which defies analysis under Federal rules of procedure 52. id Fulminate, 499 US. at 309. 111 S.ct. at 1265. Structural error effects the frame work within the trial proceeding, rather than simply the trial process itself. id. at 310. 111 S.ct. 1265. structural error creates consequence that are necessaryly unquantifiable and indeterminate. Sulivan V Louisiana, 508. US. 275. 282. 113 S.ct. 2078. 2083. 124 Led. 2d. 182 (1993).

Given the established law,the general rule that constitution al: error may be harmless, however, it is subject to the exception for structural error. The Supreme Court has held that some constitutional violation are not suceptible to harmless analysis under Federal rules of criminal procedure 52(A).because they are "Structural" and thus presumed prejudicial.

The Supreme Court addressed structural error in reference to a trial where jury was erroneously instructed on reasonable doubt in Sulivan V Louisiana. the court respond that "where" the instructional error consist of a misdescription of the burden of proof, which vitates all the juries finding, no jury verdict of beyond doubt exists upon which to base a harmless error analy- sis: id. at 281. 113 S.ct at 2082. in Chapman V California, 386. US. 18.87 S.ct 824. 17 Led .2d 705(1967). The Supreme Court recognized that some constitutional errors requires reversal without regard to the evidence in certain cases. Rose,478. US. at 577. 106 S.ct. at 3105.(Emphasis added)(citing Chapman, 386. US. at 23 n.8. 87 S.ct at 828 n.8). similarily, in Sulivan:

The court note that some constitutional error "will always invalidate the conviction. id. 508 US. at 279. 113 S.ct 2081 (emphasis added). A Defendant "may assuredly insist upon observance of structural guarentees even when the evidence against him is so overwhelming to establish guilt beyond a reason able doubt. "Cerella V California, 491. US. 263. 268. 109 S.ct 2419. 2422. 105 L.ed. 2d 218 (1989).

The end result is that reversal is required because structural error is a fundalmental flaw" in the trial proceeding process. And undermines the structural integrity of the criminal tribunal itself. Vasquez V Hillary, 474. US. 263-64. 106 S.ct at 623 (emphasis added). Due to the nature of structural error, whether a Defendant object (as required for rule 52(A) analysis or fail to objuect (as required for rule 52(B) analysis to such error that is simply irrelevant.

Petitioner concludes in this case at bar instructions to the jury of aiding an abetting pursuant to DC.Code 22-105 absent indictment was a constructive amendment of Petitioner indictment that constitute structural error, for the reason setforth herein Petitioner moves this Honorable Court to reverse conviction and sentence.

Respectfully Submitted

_Eugene J. Cunningham_

Mr.Eugene J.Cunningham
Fed No: 02433-135
Federal Correctional Complex
PO.Box 1033
Coleman,Fl.33521