UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE J. CUNNINGHAM
Petitioner,

  Versus          Case No: 1:05CV01200 PLF

UNITED STATES, et al.,
Respondents.

## MOTION FOR RECONSIDERATION

*Let ri, be*
*filed*
*2/17/06*

  Comes now Petitioner Eugene J. Cunningham, in the above caption case 1:05-CV-01200 moves this honorable Court for reconsideration of its Order denial of petitioner's Writ of Habeas Corpus alleging Miscarriage of Justice and Actual Innocence of violating Statue **D.C. Code 22-105** and that petitioner is neither eligible for **First Degree Murder** Conviction imposed nor the **(20)** to life sentence imposed.

  This honorable Court enter an Order on **July 19, 2005** denying petitioner's Writ of Habeas Corpus. Petitioner received notice of the denial of his Habeas Corpus on **October 18, 2005** for the first time through the institution internal mail system. See **F.R.A.P. Rule 4(c)(1)** Appeal by an Inmate Confined in an institution. Timely filing may be shown by a declaration in compliance with **82 U.S.C. 1746** or by a Notarized Statement, either of which must forth the date of deposit and that first-class postage has been prepaid. From verification of the inmate legal mail system

(2)

that require inmates to sing for all incoming legal mail. Those records reflect that between **July 19, 2005** and up until **October 18, 2005** petitioner received no legal correspondence from the United States District Court for The District Of Columbia, in regards to Court Order denying petitioner's Writ Of Habeas Corpus. **(See attach Exhibit of Inmate Legal System of Incoming Mail).**

Due to the fact petitioner never received a timely notice of the Court's Order denying his Writ of Habeas Corpus, upon now just receiving the Order, petitioner submits the following as a motion for reconsideration of denial of his Actual Innocence and Miscarriage of Justice claims. Wherefore, petitioner submits the following.

## 2. MOTION FOR RECONSIDERATION.

Petitioner avers that the Court should give reconsideration to his claims alleging Actual Innocence and Miscarriage pursuant to **F.R.C.P. 54(b)** in that the Court did not address and dispose of each of the claims petitioner raised. Petitioner avers **Rule 54(b)** Judgement upon Multiple claims. The rule does not apply "to a multiple claims action in which all of the claim action inwhich all of the claims have been finally decided." **Sears, Roebucks, 351 U.S. at 435, 76 S.Ct. 899.** Wherefore, in a multiple claim habeas proceeding, when the Order granting relief would have gave the petitioner all he could hope to achieve by litigation. **Rule 54(b)** would not apply, and the Order is Appealable as a final Judgement under **section 1291.** Gf, however, the Order does not the petitioner

the all he could to achieve (i.e., the Order grant relief on fewer than all the claims presented), then the three requirement of **Rule 54(b)** must be satisfied before the Order can be appealed under **section 1291.** See <u>Smith versus Kemp,</u> 849 F.2d 481, 483 (11th Cir. 1988) cf. <u>In re Yarn processing</u>, 680 F.2d at 1339 (compliance with Rule 54(b), if applicable, is a prerequisite to Jurisdiction under section 1291).

Petitioner avers that in his Writ of Habeas Corpus he raised (5) separate cause of action as listed as following:

1. Petitioner alleged in his first cause of action that under the plain language of **Statue D.C. Code 22-105** aid and abetting constitute an essential element in <u>aiding and abetting</u> First Degree Murder within the meaning of the Statue and that such behavior **advising, inciting, conniving** at any offense that covers the entire code whether it be any enumerated felony the legislative wish that violation within Statue to punish. Petitioner aver that under statue an it plain Language it requires an indictment, trial by Jury pursuant to the 5th and 6th Amendment and Due Process of Law under the **Winship Doctrine.** See **In Re Winship, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1030 (9170);** Id. 397 U.S. 358, 364; (See also, **Ivan versus City of New York, 407 U.S. 203, 32 L.Ed.2d, 92 S.Ct. 1951.** Id. at 407 U.S. 204 the Supreme Court gave the announced in Winship retroactive effect, because the major purpose of this constitutional standard of proof beyond a reasonable doubt in Winship was to overcome the aspect of criminal trial past present that substantially impairs the truth-find faction. Id. **407 U.S. 204, 32 L.Ed.2d at 661.** Since Winship and Ivan inception the Supreme Court has ruled on the fact finding function that Winship and Ivan, consistently the same was that so much so that Winship and Ivan, stands now as a precedent that overrule all Circuit law to the contrary and this is also true in the Circuit law that the court has relied upon to reach its merits in denying petitioner's Habeas Corpus. The allegation that petitioner alleged that aiding and abetting under statue **D.C. Code 22-105** is a question for the Juror's determination and findings of fact that petitioner aided and abetted in violating statue **D.C. Code 22-2401** (now D.C. Code Ann. 22-2102, petitioner claim alleged that he is actually innocence of violating of statue because he was denied Due Process of Law of being proven guilty beyond a reasonable doubt of aiding/abetting First Degree Homicide under the relied upon Supreme Court precedent. The Court has neither disputed Winship or Ivan supra., nor did the Court address and

   dispose of petitioner's issue upon there merits as require
   under multiple claims pursuant to **Rule 54(b)**.

2. Petitioner aver also when the government provide that a special component (aiding and abetting) of a prohibit transaction shall give rise both to a special stigma and to a special punishment is must be treated as a fact necessary to constitute the crime with the meaning in the holding established in In re <u>Winship</u>, post, at 103, 91 L.Ed.2d, at 87. Petitioner alleged in his claim that in the government failure try and convict petitioner as principle aider or abbetor with in the meaning of Winship, petitioner is actual innocence and not eligible for a life sentence. The Court did not rule on the merit of petitioner's claim that violates **Rule 54(b)** finality compliance.

  Petitioner raised and alleged that aiding and abetting under the Winship Doctrine is an indictable offense that constitute the crime of accomplice aiding and abetting principle offender in the commission of homicide within the plain language of **Statute D.C. Code 22-105** that embrace the entire criminal code. Petitioner alleged under his claim that the Court was without subject matter Jurisdiction to sentence petitioner to two consecutive life sentence. Although petitioner claim stands independent of his Winship claim nevertheless its a no-default claim as well as petitioner ineffective assistance of counsel claim under the 6th Amendment, subject matter jurisdiction can be raised at any time. Petitioner aver that the Court's fail to answer these two separate claims under his Writ of Habeas Corpus under actual innocence expection. Such no compliance petitioner avers violates **Rule 54(b)** Rule set forth by the United States Supreme Court. In <u>**Dretke versus Haley**</u>, 541 U.S. -, 158 L.Ed.2d 659, 124 S.Ct. -, the Supreme Court when asked in this case to enter the actual innocence exception to procedual

default of constitutional claims challenging non-capital sentence. The Court decline to answer the question in the posture of this case and instead held that a Federal Court faced with allegations of actual innocence, whether of the sentence or the crime charged must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural bar default. Id.669.

Petitioner avers that as an accomplice in the commission of robbery exposed petitioner to a penalty exceeding the maximum punishment for that offense by virtue of 22-105 as an aiding and abetting. Petitioner avers that this enhancement penalty raise a serious constitutional concern as recently Supreme Court cases has set out. In the inception of Winship and Ivan versus City of New York, where under these precedents the Court held when the government ask for a special stigma and a special punishment that necessary the crime that fact must be proving beyond a reasonable doubt. If the proposition is to set true that charge as principal aiding/abetting is no construe to be a charge then it must otherwise stand a special stigma that require a special punishment that by its nature raise the conviction of a lesser of that of another and raises the penalty of lesser offense to higher penalty in operating in such a fashion then it must be deem under the Winship Doctrine therequirement of jury determination and proof beyond a reasonable doubt. Since Winship the Supreme Court has ruled consistently along this line of reason. In recent cases <u>Apprendi versus New Jersey</u>, 120 S.Ct. 2348 at 2350 the Court held: The constitution requires that any fact

.(6)

that increases the penalty for a crime beyond the prescribed statutory maximum, other than a fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. It is clear that absent a charge as a principal aiding and abetting by virtue of statute D.C. Code 22-105 petitioner could not be found guilty and sentence to first degree murder or be sentence to two consecutive life sentences for this crime when the government is relieved of proving the essential element of the crime of first degree murder. Petitioner avers the essential elements of robbery and first degree murder is like night and day, making the <u>fact</u> constitute the crime predicated incorporated in 22-105, charge as a principal aiding and abetting, absent this fact petitioner could not be found guilty of first degree murder and eligible for the sentence impose. Wherefor, aiding is a necessary fact to constute the crime inwhich petitioner was charged by the maximum of robbery to constitute first degree homicide and the sentence thereof.

    In <u>U.S. versus Booker</u>, -U.S.-, 2005 justice Steven delivered the opinion of the Court in part, concluded that the Sixth Amendment as constituted in <u>Blakely versus Washington</u>, 159 L.Ed.2d 403, 124 S.Ct.2531 (2004) the majority opinion. (a) in addressing Washington State determinate sentencing scheme, the Blakeley Court found that <u>Jones versus U.S.</u>, 526 U.S.227; <u>Apprendi versus New Jersey,</u> 530 U.S. 530 U.S. 466; <u>Ring versus Arizona</u>, 536 U.S. 584, made clear that the statutory maximum for Apprendi purpose is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict of admitted by the defendant. It stands clear that long before Winship. Absent a jury determination based on proof

beyond a reasonable doubt of the fact of aiding and abetting principal offense is commission of homicide was not a reflection of th jury verdict where as petitioner stands actual innocence of violation of **22-105** and for his conviction to stand constitute a miscarriage of justice under the 5th and 6th Amendment of the United States Constitution. Petitioner aver that under **Rule 54(b)** and prevailing Supreme Court law the Court is required to answer each of petitioner's claims. When a Court fails to abide by its procedural Rules it goes to the heart of violation of the Writ of Habeas Corpus proceedings and the integrity of the Circuit Habeas Corpus proceeding. See **Gonzalez versus Crosby, 162 L.Ed.2d 480** at 493 [footnote].

In concluding petitioner avers that in light of the relied upon precedents of the United States Supreme Court, Circuit law **Waller verus U.S., 389 A.2d 801 (D.C. 1978); Prophet versus United States,602 A.2d 1087, 1095 (D.C. Cir. 1992); U.S. versus Brank, 495 F.2d 1066 (D.C. 1974); West versus U.S., 499 A.2d 860,855 (D.C. Cir. 1985).** Petitioner avers that this line of circuit law no longer good law in cite of the setforth Supreme Court precedents. It is clear that petitioner claims reaches to the authority of the constitution and the United States Supreme Court for prevailing law. Petitioner avers that case law cited in denial of his Writ of Habeas Corpus does not address his claims.

Petitioner avers for the reasons setforth in his motion for reconsideration of the Court's Order of **July 19, 2005** the petitioner request this honorable Court to reconsider its **July 91, 2005** Order,

denying petitioner's Writ of Habeas Corpus in light of **F.R.C.P. 54(b)** Multiple Claims.

**FOR THE REASON** setforth in this motion petitioner request this honorable Court to reconsider its Order of **July 91, 2005,** denying petitioner's relief which the petitioner did not receive until **October 18, 2005.**

Respectfully Submitted,

*Eugene J. Cunningham*

Eugene J. Cunningham
Fed. Reg. No. 02433-135
Federal Correctional Complex
Post Office Box 1033
Coleman, Florida 33521

**SUBSCRIBED** to and sworn to before me this _____ day of _____, 2005.

### CERTIFICATE OF CERTIFICATION

A copy of this foregoing motion is being mailed to the Clerk of the United States District Court for the District of Columbia on the _29th_ day of _October_, 2005.

BP-S148.55 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr. Bastos - Unit Manager | 10/25/05 |
| **FROM:** | **REGISTER NO.:** |
| Eugene J. Cunningham | 02433-135 |
| **WORK ASSIGNMENT:** | **UNIT:** |
| Unicor | E |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

This request is in reference to the reception of legal mail that your Unit Manager team keep record of. On October 18, 2005 I recieved a letter and order from Law Clerk Catherine K. Dick, stating that Supplement Motion cannot be consider because the court had denied my June 2005 Writ Habeas Corpus, claiming actual innocence and miscarriage of Justice on July 19, 2005. I never recieved the courts order of July, 19, 2005 until October 18, 2005. It is request by me verification of the legal mail log

(Do not write below this line)

**DISPOSITION:** A review of our legal mail log reflects that between July 1, 05 and 10-24-05 you received only one piece of legal mail from the DC court. You received it on 10-19-05.

Record Copy – File; Copy – Inmate                        This form replaces BP-148.070 dated Oct 86
Signature Staff Member: Banton, U/M.    Date: 10/26/05
(This form may be replicated via WP)                        and BP-S148.070 APR 94

that between July 19, 2005 and October 17 and to
only October 18, 2005 did I recieve any legal
mail from the United States District Court from the
for the District of Columbia.

SEE Attach Revelant Exibit (1) court order (2) Letter of Clerk (3) copy of letter of 10/18/05 (4) Mail date of 10/18/05 First Reciving order.

Eugene J. Cunningham

Thank you for your
time and consideration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EXHIBIT (1A)

Court order is every
Recieved Notice of denial
until Oct. 18, 2005

EUGENE J. CUNNINGHAM, )
                      )
        Petitioner,   )
                      )
v.                    )
                      )   Civil Action No. 05-1200 (PLF)
UNITED STATES         )
                      )
        Respondent.   )
                      )

MEMORANDUM OPINION AND ORDER

This case comes before the Court on petitioner's request for a Writ of Habeas Corpus. Upon consideration of petitioner's brief, the Court will deny the request.

Petitioner was convicted in 1973 of armed robbery and two counts of first degree murder under the District of Columbia's felony murder statute, D.C. CODE ANN. § 22-2401 (now D.C. CODE ANN. § 22-2101), and is serving consecutive sentences of 20 years to life on the murder convictions. He now suggests that his murder convictions are illegal and must be vacated.

Petitioner argues that his conviction is invalid under D.C. CODE ANN. § 22-105 (now D.C. CODE ANN. § 22-1805), which states, in relevant part, that "in prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories[.]"

Petitioner argues that the statute applies to every criminal offense under the District of Columbia Code, including the felony murder statute, which states in pertinent part

that: "whoever, being of sound memory and discretion, kills another purposely, either of deliberate and premeditated malice or . . . without purpose to do so kills another in perpetrating or in attempting to perpetrate any . . . robbery . . . is guilty of murder in the first degree." D.C. CODE ANN. § 22-2401 (now D.C. CODE ANN. § 22-2101). Under petitioner's reading of the statutes, Section 22-105 forbids his conviction for murder unless prosecutors prove that petitioner aided and abetted the killings themselves, not just the underlying offense of armed robbery.

The District of Columbia Court of Appeals considered this issue in Waller v. United States, 389 A.2d 801 (D.C. 1978). The appellant in Waller challenged his felony murder conviction on the same grounds as petitioner, arguing that under Section 22-105, "to convict an aider and abettor of first-degree felony murder, the government must prove two separate intents: first, intent to commit the underlying felony, and second, intent to commit the homicide." Id. at 807. The District of Columbia Court of Appeals rejected the argument, noting:

> [T]wo elements [are] requisite for conviction of felony murder. First, the defendant or an accomplice must have inflicted injury on the decedent from which he died. Second, the injury must have been inflicted in perpetration of a specified felony. No distinction [is] made between principals and aiders and abettors for purposes of felony murder liability. Only intent to commit the underlying felony need be proved.

Id. (citing United States v. Branic, 495 F.2d 1066 (D.C. Cir. 1974)); see also Prophet v. United States, 602 A.2d 1087, 1095 (D.C. 1992); West v. United States, 499 A.2d 860, 855 (D.C. 1985).

The District of Columbia Court of Appeals has been the highest court of the District of Columbia since February 1, 1971. See M.A.P. v. Ryan, 285 A.2d 310, 312 (D.C. 1971); Pub.L. No. 91-358. Although the decisions of the United States Court of Appeals for the

2

District of Columbia Circuit rendered before February 1971 are considered part of the binding case law of the jurisdiction, decisions made after February 1971 are accorded "great respect" but are not controlling precedents. M.A.P. v. Ryan, 285 A.2d at 312. Nevertheless, petitioner cites no post-M.A.P. precedent from the D.C. Circuit that conflicts with the District of Columbia Court of Appeals' holding in Waller, and this Court too has searched in vain for such a case. Furthermore, the D.C. Circuit decision on point is fully consistent with Waller. In Carter v. United States, 445 F.2d 669, 672 (D.C. Cir. 1971), the D.C. Circuit held that a defendant's participation in a robbery in which the defendant's accomplice committed a murder was sufficient for a felony murder conviction; proof that the defendant intended or aided and abetted the murders was unnecessary.

Petitioner does not contest that he aided and abetted the robbery, nor that his aid was proved at trial. Nor does he argue that the killings were not in furtherance of the robbery. See Christian v. United States, 394 A.2d 1, 48-49 (D.C. 1978). The Court therefore finds that petitioner has presented no reason for vacating his murder convictions. Accordingly, it is hereby

ORDERED that [1] petitioner's petition for a Writ of Habeas Corpus is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 19, 2005

3

Exhibit T(A)

United States District Court for the District of Columbia
Chambers of Judge Paul L. Friedman
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Mr. Eugene J. Cunningham
Fed No. 02433-135
Federal Correctional Complex
PO Box 1033
Coleman, FL 33521

**United States District Court**
**for the District of Columbia**
Washington, D.C. 20001

EXHIBIT (CCJ)

Chambers of
Paul L. Friedman
United States District Judge

*[handwritten diagonally: First time noing that June 2005 writ Habeas corpus Miscarriage of Justice was denied on July 19, 2005]*

October 13, 2005

Mr. Eugene J. Cunningham
Fed No. 02433-135
Federal Correctional Complex
P.O. Box 1033
Coleman, FL 33521

Dear Mr. Cunningham:

Judge Friedman received your Supplemental Motion and Memorandum of Law in Support of Motion on October 3, 2005. You asked that this supplement be considered in support of your petition for a Writ of Habeas Corpus filed in June 2005. Because the Court denied your June 2005 petition in a decision dated July 19, 2005, the Supplemental Motion cannot be considered for further action. In case you did not receive the July 19, 2005 decision of the Court, I have enclosed another copy of it for you.

Sincerely,

Catherine K. Dick
Law Clerk to Judge Paul L. Friedman

Enclosure

EXHIBIT (B)

FCC COLEMAN
USP FACILITY
MAILROOM

2005 OCT 18 A 8:32 ← first time recieved court order denying Habea Corpus on oct 18 A 8:32

INMATE RECEIPT
DATE