UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE J. CUNNINGHAM,
        Petitioner,

    Versus

UNITED STATES, et al.,
        Respondent.

Case No. 1:05-CV-01200
Judge: Paul Friedman

*Let this be flw*
*[signature]*
*2/17/06*

## SUPPLEMENT MOTION

Comes now petitioner in the above caption submits the follow Supplement motion as for reconsideration of previously filed motion for reconsideration of October 30, 2005.

### STRUCTURE ERROR

Petitioner avers in this supplement motion in support of his Actual Innocence and Miscarriage of Justice claim of Actual Innocent of violation Statute D.C. Code 22-105 enhancement statute for the purpose of conviction and the imposition of sentence. Petitioner avers that aiding and abetting statutory language as provided under 22-105 <u>for any criminal</u> offense includes any offense against the United States entire criminal code including first degree murder which under the constitution is a capital or otherwise imfamous crime. Amend. Petitioner has already alleged in his initial Habeas Corpus that aiding and abetting is and necessary component, ingriedent that is an essential element that constitute the crime and punishment as an enhancement for the commission of first degree murder that requires constiturion demands of the 5th and 6th Amendment in requisite of (1) an indictment, (2) trial by

jury determination, (3) the establishment of proof beyond a reasonable doubt that petitioner as an accomplice in a robbery aided and abetted principal offender in the commission of first degree for the purpose of conviction and sentence by virtue of statute D.C. Code 22-105.

Petitioner now request this honorable Court upon reconsideration motion file to the Court October 30th, 2005 that upon this supplement the Court take into account that it was a structural error reversal per se of the instruction giving to the jury of aiding and abetting upon the government request absent an indictment required by the U.S. Constitution 5th, 6th, Amend.

Petitioner avers that under statutory construction of 22-105 aiding and abetting was a necessary fact and element that determine the conviction and sentence thats to meted out. Absent an indictment to this effect jury instruction in this regard was structural error. Petitioner avers that government relieved of have to prove premediation and deliberation that constitute conviction and sentence for commission of first degree murder and further relieve of have to prove aiding and abetting first degree murder as well as not have to indict for conduct and behavior the legislatures has prohibit and wish to punish under its enacted statute 22-105 that contrue aiding and abetting any criminal offence covering the entire criminal code including first degree murder which is a substantial offense, a capital or otherwise imfamous crime. Under statutory construction of congressional enactment 22-105 aiding and abetting is a necessary fact and essential element of any criminal offense that so charged is such a manner for the purpose of an enhance punishment which in this case the substantial

-2-

charge where count (1) (2) of petitioner indictment first degree murder. Absent an indictment to the effect that petitioner aided and abetted principal offender in there commission of first degree murder jury instruction to that end constitute constructive amendment of petitioner indictment and was a structural error reversable per se.

The court cannot permit a defendant to be tried on charges that are not made in the indictment against him deprivation of such basis right is far to serious to be treated as nothing more than a variance and dismiss it as harmless error. Stirone, 361 U.S. at 217. This constructive amendment destroyed the petitioner right to be tried upon facts and real conduct an accusation presented in an indictment returned by the grand jury. id., the instruction of aiding and abetting here serving as a constructive amendment was highly prejudical, as there no indictment entered by the grand jury of the necessary fact. An essential element that petitioner aiding and abetting the substantial offense of aiding and abetting a capital other wise infamous crime of first first degree murder.

This error petitioner avers seriously effected the fairness and integrity of the judicial proceeding. Depriving a defendant protection of the grand jury is intolerable unfair. Floresca, 38 F.3d 714. No court consciously choose to ignore constitutional right to a grand jury indictment for criminal offense and the punishment thereof. To otherwise embark on any other course would gravely threaten the legitimacy of the Federal Tribunals Floresca, 38 F.3d at 714.

To allow the government to induce instruction pursuant to

22-105 of aiding and abetting substantial offense that would substain the conviction and sentence for first degree murder when the essential elements and essential fact of aiding and abetting serves to aggravate and enhance the conviction and sentence of the underlying offense of robbery is impermissible broaden of the indictment that constituted structural error in violation of the Supreme Court decision in Stirone, supra and Miller, 471 U,S. 130, which leaves petitioner conviction and sentence resting upon grounds of accusion not charged in the indictment of aiding and abetting first degree homicide as aiding and abetting under enhancement provision of statue D.C. Code 22-105 is a necessary element and fact that constitute the crime and punishment for any substantial offense under the entire criminal code including first degree murder a capital or otherwise and imfamous crime.

Petitioner avers the government failure to indict for aiding and abetting in the commission of first degree homicide and those jury instruction of aiding and abetting to that extent was structural error. The Supreme Court has long recognized a "Special" atagory of error which must be corrected regardless of the outcome of the case. United States v. Olano, 507 US 725, 735, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993). The Supreme Court has labled this catagory of error as "Structural." Arizona v. Fulminate, 499 US 279-310, 11 S.Ct. 1246, 1265, 113 L.Ed. 302 (1991)

A structural error in a criminal trial always requires reversal of a conviction because such error renders the trial unreliable vehicle for the determination of guilt. Rose, 92 L.Ed.2d 460 (1986). Structural error constitute a defect in the construction of the trial mechanism which defies analysis under Federal

Rules of Procedure 52. Id., fulminate, 499 U.S. at 309, 111 S.Ct. at 1265. Structural error effect the frame work within the trial proceeding, rather than simply the trial process itself. Id. at 310, 111 S.Ct. 1265. Structural error creates consequence that are necessaryly unquantifiable and indeternate. Sulliven v. Louisiana, 508 US 275, 282, 113 S.Ct. 2083, 124 L.Ed.2d 182 (1993).

    Given the establish law, the general rule that constitute error maybe harmless, however it is subject to exception of structural error. The Supreme Court has held that some constitutional violation are not suceptible to harmless analysis under federal rules of criminal procedure 52 (a) because they are structural and thus presumed prejudical. The Supreme Court addressed structural error in reference to a trial where jury was erroneously instructed to reasonable doubt in Sullivan v. Lousiana, the Court respond that where the structural error consist of a misdecription of the burden of proof which vitates all the juries finding no jury verdict of beyond a reasonable doubt exist upon which to base a harmless error analysis. Id., at 281, 113 S.Ct. 2082; Chapman v. California, 386 US 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). the Supreme Court, recognized that some constitutional errors requires reversal without regard to the evidence. Rose, 478 US at 577, 106 S.Ct at 3105 (emphasis added) citing Chapman, 386 US at 23 n.8, 87 S.Ct. at 828 n.8); similarily in Sullivan the Court noted that some constitutional error will always invalidat a conviction, Id., 508 US at 279, 113 S.Ct. 2081. A defendant may assuredly insist upon observance of structural guarantees even when the evidence against him is so overwhelming to establish guilt beyond a reasonable doubt. Cerella v. California, 491 US 263, 268, 109 S.Ct. 2419, 2422, 105 L.Ed.2d 218

(1989).

    The end result here petitioner avers that reversal is required of his conviction and sentence because structural error of the Court instructing the jury of aiding and abetting absent indictment and information when under statute aiding abetting is a essential element and fact necessary to constitute the crime for purpose of enhance punishment was of fundamental flaw in the trial proceeding and undermines the structural interity of the criminal tribunal itself. Vasquez v. Hillary, 474 US 263-64, 106 S.Ct at 623 (emphasis added). Due to the nature of structural error whether a defendant object as required rule 52 (a) analysis or fail to object as required rule 52 (b) analysis to such a structural error as this case imposed it simply irrelevant.

    Petitioner concludes in this case before the Court that the jury instruction by the Court absent an indictment of essential elements and essential facts that constitute the crime and punishment for the purpose of aggravation enhancement of the conviction and sentence of and underlying offense for robbery to a sentence of first degree murder was a grave error. Petitioner moves this honorable Court to set aside the conviction and sentence in this case in that petitioner stands actual innocence of violation Statue D.C. Code 22-105 enhancement provision and sentence imposed thereupon which constitute a miscarriage of justice, making petitioner ineligible for the sentence imposed.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing SUPPLEMENT MOTION was mailed postage prepaid on this _17th_ day of _January_, month 2006, to Respondence, United States District Attorney's Office at 555 Constitution Ave., North West, Washington, D.C. 200_5_.

_Eugene N. Curry_
Signature of Petitioner

FCC Coleman, Florida  Sumter County
Subscribed and sworn before me this
_17_ day of _January_ 20_06_
_____
Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)