# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5497              September Term, 2006

05cv01200

Eugene Jerome Cunningham,
          Appellant

v.

United States of America,
          Appellee



MANDATE
Pursuant to the provisions of Fed. R. App. P. 41(b)
ISSUED: 1/19/07
BY: [signature] Deputy Clerk
ATTACHED: __ Amending Order
__ Opinion
__ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED NOV 27 2006
CLERK

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Sentelle, Henderson, and Tatel, Circuit Judges

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of these materials and the motion for judicial notice, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed. In appellant's prosecution for felony murder, it was sufficient for the government to charge and prove that appellant intentionally aided or abetted the predicate felony. See United States v. Carter, 445 F.2d 669, 672 (D.C. Cir. 1971); Kitt v. United States, 904 A.2d 348, 354-56 (D.C. 2006). Accordingly, appellant is not entitled to habeas relief on the ground that the government failed to charge or prove that he aided or intended to aid the commission of a homicide. Furthermore, because appellant's challenges to his conviction and the underlying indictment lack merit, counsel's failure to raise them did not constitute ineffective assistance. See United States v. Brown, 449 F.3d 154, 159 (D.C. Cir. 2006). Finally, we note that we have considered the case cited by appellant in his motion for judicial notice – Wilson-Bey v. United States, 903 A.2d 818 (D.C. 2006) (en banc) – and we conclude that it does not affect the analysis set forth above. See Kitt, 904 A.2d at 355-56. It is

**FURTHER ORDERED** that the motion for judicial notice be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit
By: [signature] Deputy Clerk