United States District Court
for the District of Columbia

**RECEIVED**

JUN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eugene J. Cunningham

    Petitioner

V

United States

    Respondents

Civil Case No. 1:05-cv-01200

Civil Case No_____

Motion for Leave to Proceed In Forma

Pauperis Pursuant to 28 USC 1915

Comes now Petitioner Eugene J.Cunningham,pro se litigant moves this Honorable court pursuant to 28 USC 1915(d),respectfully request this court to grant this motion for Leave to Proceed In Forma Pauperis in the attached petition hereto that under federal writ habeas corpus status invokes Fed.R.Civ.P.60(b)(4)(6) that merely attacks the courts and judge Memorandun Opionion Order as being void for jurisdiction violations due process violations that violated the integrity of the habeas corpus proceedings that was challenging a criminal conviction and sentence under the Actual Innoncence and Miscarriage of justice exception. Petitioner petition before the the court attacks the integrity of petitioner initial habeas corpus proceedings. Gonzalez, v.Crosby,162 Led 2d 480 at 493,125 S.ct.264(2005).The Prison Reform

1

Litigation Act, which was enacted as Title VIII of the Ombinibus Consolidate Rescission and Appropriate Act of 1996, Pub. L: 104-134 110 Stat.1321(1996), created new filing fee payment obligation for incarcerated prison. The PLAR applies to "CIVIL ACTION" and an appeal in a Civil Action." 28 USC 1915 1915(A)(2). Neither the text nor legislative history of the PLRA indicate that a petitioner that files a petition for relief of Memorandum Opionion Order seeking relief of such order in a criminal habeas corpus proceeding is to be treated as though it and 42 USC 1983 lawsuit when the action is directed to the court and judge that enter order. New fee requirements of Prison Litigation Reform Act of 1995 apply to those extradinary writs that seek relief analogous to civil complaints under 42 USC 1983, but not to writs directed at judges conducting criminal trial or proceeding. In re Nagy, 89 F.3d 115(2d Circuit). 28 USC 2254, 2255 and 2241 preceedings are not civil actions" for purpose of amended 1915 requiring that prisoner bring In Forma Pauperis civil action pay all filing fee; habeas corpus proceeding are different proceeding, govern by different stautes, and serve different policies, and legislative history and purpose of amendments to 1915 show that filing fee requirement were not intended to extend to actions aimed at those proceedings as pettioner 60(b) petition does, but rather aimed to curtial abusive prison-condition litigation. United States v. Simmonds, 111 F.3d 737(10th Cir.1997);(criticized in Brown V. Angelone, 150 F.3d 370(4th Cir.1998). Prison Litigation Reform Act of 195, 28 USC does not apply to 28 USC 2241 habeas corpus as the petitioner advances before the court. Garcia-Acosta V. Young,(2003) WD Tenn)255 F.Supp.2d 803.

Thus, the filing fee provision is inapplicable in this instant. The PLRA apply only to prisoners who bring a "CIVIL ACTION" or appeal a judgment in a "CIVIL ACTION or proceeding". 28 USCA 1915(A)(2)(B)(1). In assertian whether, as used in the PLRA, whether these terms are meant to include habeas proceedings. The six circuit court of appeals have explicity address this issue thus far have answer the inquiry in the negative. (See United States v. Simmonds, 111 F.3d 737(10th Cir.1997) (Sections 2254 and 2255 proceeding are not "Civil Actions for the purpose of 28 USC 1915); Naddi v. Hill, 106 F.3d 275, 277(9th Cir. 1997)("The Forma Pauperis provision of the PLRA relating to prisoner Civil Action and appealw do not apply to habeas corpus proceeding".) United States v. Cole, 101 F.3d 1076, 1077(5th Cir. 1996)("We hold the act is inapplicable to 2255 petitions".); Santana v. United States, 98 F.3d 752, 754-56(3d Cir.1996)(PLRA filing Fee payment requirement do not apply to habeas cases or appeal brought under 2254 and 2255)' Martine v. United States, 96 F.3d 853, 855-56(7th Cir.1996)(PLRA does not apply to section 2254 and 2255 proceedings); Reyes v. Kean. 90 F.3d 676, 678(2d cir.1996)("We conclude that Congress did not intend the PLRA to apply to petitions for writ habeas corpus".).

Petitioner contends that most all of the Federal Circuit courts of appeals have held that PLRA does not apply to habeas corpus proceedings. Whereas, Petitioner habeas corpus before the court that invokes Fed.R.Civ.P.60(b) and Fed.R.Civ.P.54(b) seeks to address a prior writ habeas corpus proceedings that was brought under the provision of the writ habeas corpus statute. The action Petitioner presently advances

before the court is directed to the courts and the judge entered Memorandum Opionion Order. In action related to 42 USC 1983 or any of those remdies similar would be inappropriate. The proceeding that are being attack and challenge is of habeas corpus proceeding where jurisdiction violations and due process violation violated the integrity of that proceeding. Habeas Corpus is more accurately regarded as being SUI GENERIS(it has it own procedure rules, for example when invoked by a prisoner almost it sole office is to upend a criminal judgement than as being either civil or criminal...")(James S.Liebman &Randy Hartz Federal Habeas Corpus practic and procedure 2.2.at 6[2d ed.1994) Petitioner contends that Rule(60)(b) and Rule 54(b) is no more here than those rules that govern and attack of a writ habeas corpus proceedings challenging it integrity. To construe petitioner petition as an 42 USC 1983 for the purpose of filing fee In forma of Pauperis would be error.

    For the reasons setforth in this motion the Petitioner moves this honorable court to grant Leave to Proceed In forma Pauperis.

RESPECTFULLY SUBMITTED

*Eugene J. Cunningham*

Eugene J. Cunningham, pro se

4

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this __ day of _May_, 20_07_

*[signature]*
Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)