United States District Court

for the District of Columbia

Eugene J. Cunningham

       Petitioner

V.

United States

       Respondent

Civil Case No. 1:05-cv-01200

Civil Case No. _____

RECEIVED
JUN 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Petition for writ habeas corpus invoking

Fed.R.Civ.P.60(b)(4)(6)and Fed.R.Civ.P.54(b)

Memorandum Opionion Order is void

Comes now Petitioner Eugene J.Cunningham,pro se litigant moves this hornorable court of an issurance of a writ habeas corpus declaring Memorandum Opionion Order in Eugene J. Cunningham v. United States case No.1:05-cv-01200 in that it violates jurisdiction and procedural due process and equal protection of the law under the fifth amendment of the United States Constitution in that the court fail and abused its discret -ion in not addressing and adjudicate all of petitioner constitutional claims raise in his Actual Innoncence Miscarriage of Justice habeas corpus in violation of Fed.R.Civ.P.54(b) that requires a habeas court to address and adjudicate all constitutional claims assign for relif in a habeas corpus proceeding. The court failure to adhere rule 54(b) violated the jurisdiction of the court as well as appelate court jurisdiction of reviewing an final order under statutes and constitution articles that govern writ habeas corpus.

1

For the reasons setforth in this petition the Memorandum Opionion Order of the court is void in its inception on the face of the record pursuant to Fed.R.Civ.P. 60(b)(4)(6) for jurisdictional violation and denial of procedure due process as well as adequate access to the court to a fair habeas corpus proceedings that violated the integrity of the habeas proceeding.

## JURISDICTION

Jurisdiction of the court is vested in 28 USC 1331 Federal question jurisdiction. Article III, 2,Clause 1 subject-matter jurisdiction. 28 USC 1651 all writs act 28 USC 2241. It is further requested that the court if necessary Sua Sponta on it own motion as to what ever jurisdiction the court deems appropriate. Petitioner also request as a layperson to construe his petition liberally.Hains v.Kern,404 U.S.519,20-21.

### Procedural History

(1). On 07/19/05 the court denied Petitioner habeas corpus claiming Actual Innoncence and Miscarriage of Justice in Civil Case Number# 1:05-cv-01200.(See exhibit(A).

(2). On 11/27/06 the United States Court of Appeals for the District of Columbia, affirmed the district courts Memorandum Opionion Order.(See attached exihibit(B).

(3). On 04/02/07 the United States Supreme Court for the United States denied Writ of Certiorari.(See exhibit(C).

### Statement of Case

Petitioner in this cause of action file a writ habeas corpus before this this honorable court under the actual innoncence and miscarriage of justice exception raising(5) constitutional claims that he was innocent of violation of statute D.C. Code 22-105 that made petitioner ineligible for the sentence and conviction imposed in United States v.Eugene J.

Cunningham, Criminal Case Number# 1328-72. Petitioner case was assigned to the honorable Judge Paul L. Friedman, case number# 1:05-cv-01200 PLF Eugene J. Cunningham v. United States. On 07/19/05 the honorable Judge Paul L. Friedman, in a Memorandum Opionion Order denied petitioner habeas corpus without adjudication of the constitutional claims that was presented in petitioner habeas proceedings that is required pursuant to Federal Rules of Civil Procedure (54)(b). The failure to do so violated the integrity of petitioner habeas corpus proceeding in that it violated appellated courts subject-matter jurisdiction under rule (54)(b) as well as procedural due process and adequate access to the court which makes the courts Memorandum Opionion Order void in its inception on the face of the record pursuant to Fed.R.Civ.P. 60(B)(4)(6).

Federal Rules of Civil Procedure 54(b), requires that until all claims are adjudicated in a habeas corpus proceedings by a district court that order is not final for the purpose of an appeal to the appellate court leaving that court without jurisdiction to hear an appeal. The jurisdiction of the courts of appeal which states in pertient part **28 USC 1291:**

> The court of appeals(other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decision of the district court of the district courts of the United States.

28 USC 1294 which states in pertient part:

> (1). From a district court of the United States to the court to the court of appeals for the circuit embracing the district.

4

Finally in pertient part 28 USC 1295 states:

> (A). The united States Court of Appeals for the Federal circuit shall have exclusive jurisdiction-
> (1). of an appeal from a final decision of a district court of the United States.

In not addressing the merits or the resolution of the courts ruling in Judge Paul L. Friedman, (MEMORANDUM OPIONION ORDER), for clarification of those constitutional claims petitioner raised in his initial habeas corpus they were as the following:

> (1). Whether aid and abetting under statute D.C.Code 22-105 as an essential element a necessary fact within the meaning of In re Winship, Supreme court precedent requires proof beyond a reasonable doubt under the due process clause. (5th amendment)

> (2). Whether aiding and abetting under statue D.C.Code 22-105 as an essential element and a necessary fact that constitute the crime and punishment for a capital or otherwise infamous crime of first degree murder as held under the fifth amendment requires a trial by jury and jury determination.(5th and 6th amend U.S.Const.)

> (3) Whether the application of (strict-liability),of aiding and abetting a capital a otherwise infamous crime of first degree murder violates the due process clause of the fifth amendment. 5th amend U.S. constution).

(4). Whether absence of an indictment of the essential element and necessary fact under the due process standard of aiding and abetting a capital or otherwise infamous crime of first-degree murder violates due process within the meaning of In re Winship, due process standard.(5th and 6th amendment of the U.S.constitution).

(5). Whether trial counsel and appellate counsel was inffective in not raising these constitutional claims at trial and on appeal. (6th amendment of the U.S. constitution).

In the court failure to address and adjudicated these raised constituti-onal claims presented in the courts Memorandum Opionion Order as required pursuant to Fed.R.Civ.P. 54(b) violated the subject-matter jurisdiction of the court and the jurisdiction of the court of appeals to review habeas corpus on appeal. Also was a violation of procedural due process and adequated access to the court that in all violated the integrity of the habeas corpus proceedings. Under Fed.R.Civ.P. 60(b)(4)(6), is the appropriated remedy in seeking to void this courts Memorandum Opionion Order entered by this court under civil case Number 1:05-cv-01200. Petitioner Submits the following Memorandum of Law in Support of his petition.

## Memorandum of Law and Facts
### in support of petition

Petitioner contends that he is entitle to relief from the courts Memorandum Opionion Order entered by the court on 07/19/05 as to being void for jursidiction violations and for denial of procedural due process under Fed.R.Civ.P.60(b)(4)(6), in that such constitutional violations violated the integrity of the habeas corpus proceedings. Gonzalez v. Crosby, 545 U.S._____,162 Led 2d 480, 125 S.ct. 264(2005). Petitioner Rule 60(b) claim before the court seek not to add new grounds for relief from his conviction and sentence or attack judge Friedman, previous resolution of it Memorandum Opionion Order. But rather attacking jurisd-iction and due process defects in habeas corpus proceeding. 162 Led 2d at 493. A Rule 60(b) motion is said to bring a "claim" if it attacks the Federal Court previous resolution of a claim on the merits. Id.,493. (See,e.g.,Semtek Int'l Inc.v.Lockheed Martin Corp,531 U.S.497,501-503, 149 Led 2d 32,121 S.ct.1021(2001). This is not the case in the action now before the court where as petitioner does not attack the substance of judge Freidman, resolution of the merits presented in his Memorandum Opionion Order,but rather the defects in the habeas corpus proceedings. Id., 493. Fraud on the Federal Court is one example of such a defect. Rodriguez v. Mitchell,252 F.3d 191,199.

    Petitioner contends that the court had subject-matter jurisdiction of the constitutional claims under federal writ habeas corpus statute but decline to address them as required under Fed.R.Civ.P. 54(b) that required the court to adjudication all constitutional claims presented. The courts failure to do so was and abuse of it discretion and denial of

its subject-matter Jurisdiction and that of the appellate court in that its Memorandum Order Opionion, was ripe for appellate review under those statutes that allows the court to take jurisdiction of a district court final order. Rule 60(b) is appropriate in challenging the jurisdiction of the court. The Rule preserves parties' opportunties to obtain vacture of a judgment that is void for lack of Subject-matter jurisdiction-A consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprive a Federal Court of the power to adjudicate the rights of the parties. 162 Led 2d at 494) ;Steel Co., v. CITIZEN FOR Better Environment,523 U.S.83,94.101(1998); United States v.Cotton,535 U.S.625,630,122 S.ct.1781. 152 Led 2d____ (2002)(because jurisdiction means the court statutory constitutional power to adjudicate a case,defect in subject-matter jurisdiction requires correction regardless of whether the error was raised in district court. United States v. Peter, 310 F.3d 709,712(11th Cir.2002)(jurisdictional error "can never be waived by parties to a litigation.")Harris v. United States,149 F3d 1304(11th Cir.1998)(jurisdictional defect cannot be procedurally defaulted).In the courts failure to to address those constitutional claims in adjudication constitute a jurisdictional defect in habeas corpus proceedings that violated the integrity of that proceeding that void the Memorandum Opionion Order entered in its inception for the purpose of Rule 60(b).

Failure to adjudicate constitutinal claims
as presented in habeas corpus proceedings as
required under Fed.R.Civi.P.54(b) violated
jurisdiction and procedural due process

The denial of addressing and adjudication of the constitutional claims presented in habeas corpus proceedings pursuant to Fed.R.Civ.P. **54(b)** that requires adjudication of all constitutional claims presented before appellate court can take jurisdictuion of a district court final order under 28 USC 1291,1294(1) and 1295(a) violates jurisdiction denies procedural due process and adequated access to the court that **violated** the integrity of habeas corpus proceedings under Gonzalez v.Crosby,162 Led 2d 480 at 493. Petitioner **contend that under Rule 54(b) that each** grounds or basis petitioner assigned as a ground for a reason for granting his initial habeas corpus case number#1:05-cv-01200 was a seperate "claim" within the meaning of Fed.R.Civ.P.54(b), and that if the habeas court either grant the petition or deny it by deciding some,but not all,of the issues presented,the judgement order of the court is not final.U.S.Code,section 1291. Blake v.Kemp,758 F2d 523 at 525(11th Cir. 1985). The court abuse its discretion in applying a waiver doctrine to petitioner Constitutional claims presented. The court was required under petitioner habeas corpus proceedings to rule explicity or implicity on the constitutionality of the merits of those constitutional claims presented. In instead the court did not address and adjudicate those claims at all. This was error that violated the integrity of the habeas proceedings. In Andrew v. United States,372 U.S.334,340,83 S.ct1236,1240

10 Led 2d 183(1963); Collins v.Miller,252 U.S.364,365,40 S.ct 347,64 Led 616(1920). The Supreme Court view the exacting standard of finality that govern appeals under 28USC 1291(1982),as applicable in habeas cases as they are in othere proceedings. In Collins v.Miller the Supreme Court held that for a judgment to be áppeäl it must be final" not only as to all parties,but as to the whole subject-matter and as to all the causes of action involved". 252 U.S. at 370,4o S.ct.at349(emphasis added).(See also Andrew,373 U.S. at 340,83 S.ct 1240.The court abuse its dicretion when it fail to adhere to Rule 54(b) in not addressing and adjudications of Petitioner constitutional claims as presented in his habeas corpus proccedings **which violated subject-matter jurisdiction and appellate** court jurisdiction. Such violation voided the Memorandum Opionion Order on the face of the record in its inception in that court had no jurisdiction to otherwise act on habeas corpus.

> **Failure to adjudicate constitutional claims**
> **as presented under Rule 54(b) denied adequate**
> **adequated access to the court that denied pro-**
> **cedural due process of law**

Finally petitioner contends that the failure to adjudicate all constit-ional as require under Fed.R.Civ.P.54(b) denied petitioner adequate access to the court. Wolf v. McDonnel,418 U.S.539,41 Led 2d 935,94 S.ct. 2963,71 ohio ops 2d 336;Bounds v.Smith,430 U.S. 817,52 Led 2d 72,97,S.ct 1491. The courts failure to address and adjudicate petitioner constitut-ional claims denied petitioner to have a full and fair habeas corpus

review before the courts which violated the integrity of the habeas corpus proceedings. Petitioner was entitle to procedural due process in litigation of claims as presented. The right to adequate access to the court extends to post conviction proceedings, such as habeas corpus proceeding, civil right actions and other criminal and civil proceeding. Bounds v. Smith, 430 U.S. at 827(original action see new release from confinement or vindication of fundamental rights"); Wolf v. McDonnel, 418 U.S. 539, 579, 94 S.ct. 2963(1974). The failure to adjudicate those constitutional claims as presented denied petitioner and adequate opportunity to present his claims fairly within the adversary system. Draper v. Washington., 372 U.S. 487, 487.9 Led 2d 889 S.ct. 774(1963). Petitioner contends in denying petitioner such critical access to the court violated procedural due process and equal protection under the U.S Constitution that violated the integrity of habeas corpus proceeding within the meaning of Gonzalez v. Crosby, 162 Led 2d 480 at 493. A lack of due process and equal protection of law void an order in its inception.

## Relief Sought

Petitioner request this honorable court to recall the Memorandum order enter in Eugene J. Cunningham V. United States in case number#1:05-cv-01200 and address his constitutional claims as presented that is a requrement of Fed. R. Civ. P. 54(b) or what ever relief the honorable court deems to be appropriated.

Respectfully Submitted

_Eugene J. Cunningham_ pro se.