UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
EUGENE J. CUNNINGHAM,              )
                                   )
          Petitioner,              )
                                   )
     v.                            )   Civil Action No. 05-1200 (PLF)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
          Respondent.              )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on petitioner's motion for leave to proceed *in forma pauperis* and petitioner's separate submission entitled "Petition for writ habeas corpus [sic] invoking Fed. R. Civ. P. 60(b)(4)(6) and Fed. R. Civ. P. 54(b) Memorandum Opionion [sic] Order is void." Petitioner filed a petition for a writ of habeas corpus challenging his conviction on June 16, 2005. This Court denied that petition by Memorandum Opinion and Order on July 19, 2005. Respondent appealed, and the court of appeals affirmed this Court's decision on January 31, 2007. Petitioner then filed the instant motions on June 27, 2007.

I.  PETITIONER'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Mr. Cunningham has submitted with his motion to proceed *in forma pauperis* a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal, obtained from the appropriate official of the prison at which he is confined, as required by the *in forma pauperis* statute. See 28 U.S.C. § 1915(a)(2). That statement shows that the plaintiff has $0.73 in his account. Therefore, the Court will grant plaintiff's motion to proceed *in forma pauperis*.

## II. PETITIONER'S OTHER SUBMISSION

Mr. Cunningham's other submission is somewhat difficult to parse. In particular -- and as its title suggests -- it is hard to tell whether this submission is intended to be a petition for a writ of habeas corpus or a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Petitioner argues that this Court's July 19, 2005 Memorandum Opinion and Order did not satsifactorily address all of the grounds for relief asserted by his June 16, 2005 habeas petition. Thus, reasons petitioner, that decision is void for lack of subject matter jurisdiction and should be vacated under Rule 60(b)(4). Petitioner further contends that he remains entitled to habeas corpus relief for the reasons stated in his initial petition.

Upon reviewing that initial petition and this Court's decision denying it, the Court concludes that the decision adequately addressed all of the non-frivolous claims that reasonably could be inferred from the petition. In substance, then, Mr. Cunningham's new submission must be viewed as an attempt to revisit a denial on the merits of a claim for relief in a prior habeas corpus proceeding. It therefore is properly construed as a second habeas petition rather than as a motion for relief pursuant to Rule 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (distinguishing Rule 60(b) motions from habeas petitions in Section 2254 context); Schwamborn v. United States, 507 F. Supp. 2d 229, 239-40 (E.D.N.Y. 2007) (concluding that reasoning of Gonzalez applies in Section 2255 context).[1] This Court lacks jurisdiction to consider a "second

---

[1] The Court notes that if petitioner's submission were construed as a Rule 60(b) motion (thereby allowing the Court to address the submission without a certification), the Court would deny it. Rule 60(b) allows courts to grant relief where movants identify "extraordinary circumstances" justifying such relief. Gonzalez v. Crosby, 545 U.S. at 535. Petitioner has failed to identify any such circumstances.

or successive" habeas petition without a certification from the court of appeals. 28 U.S.C. § 2255. See also United States v. Levi, No. 97-3052, 1997 WL 529069 (D.C. Cir. 1997).

Accordingly, it is hereby

ORDERED that petitioner's "Motion for Leave to Proceed In Forma Pauperis Pursuant to 28 USC 1915" [15] is GRANTED; and it is

FURTHER ORDERED that petitioner's "Petition for writ habeas corpus [sic] invoking Fed. R. Civ. P. 60(b)(4)(6) and Fed. R. Civ. P. 54(b) Memorandum Opionion [sic] Order is void" [16] shall be transferred to the United States Court of Appeals for the District of Columbia for its consideration.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 29, 2007